IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LASHAUN Y. CARTER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GALARDI SOUTH ENTERPRISES, INC. d/b/a Onyx, a corporation,<br><br>Defendant. | Civil Action No. 2014 CV 249737 |

FILED IN OFFICE
AUG 01 2014
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## COMPLAINT

NOW COMES Plaintiff Lashaun Y. Carter, by and through her attorneys, against Defendant Galardi South Enterprises, Inc., and alleges as follows:

## THE PARTIES

1.

Plaintiff Carter, is an individual residing in Morrow, Clayton County, Georgia. Carter is a former employee of Defendant. Carter worked as an exotic dancer or entertainer (hereinafter "dancer") for Defendant from approximately late July 2011 through mid-May 2012. During his this period, Defendant never paid her any wage of any kind. In fact, Carter was required to pay out of pocket to work for Defendant for each and every shift she worked.

2.

Defendant Galardi South Enterprises, Inc. d/b/a Onyx, has acted in a conspiracy to carry out its illegal enterprise since at least 2009. Defendant is incorporated under the laws of the state of Georgia. Its principal place of business is 1888 Cheshire Bridge Road, Atlanta, Georgia 30324 and it can be served via its registered agent, Dennis Williams, 1730 N.E. Expressway, Suite 200, Atlanta, Georgia 30329.

## JURISDICTION AND VENUE

3.

Jurisdiction and venue are proper pursuant to O.C.G.A. §§ 15-6-8 and 14-2-510, as Defendant maintains its registered office in this County.

## FACTUAL ALLEGATIONS

4.

Defendant operates a successful and long-lived Atlanta nightclub known as "Onyx." The business of Defendant is to provide alcoholic beverages and various types of entertainment to customers while nude and semi-nude women dance throughout the establishment.

5.

The minimum wage, overtime wage and tip credit policies have applied and been controlling on Defendant at all times. Defendant is an enterprise engaging in

commerce by regularly serving alcohol, food, and tobacco products that have been shipped in interstate commerce, by regularly processing out of state credit cards, by regularly using the wires and mail in furtherance of its business, and by regularly serving large numbers of out-of-state customers, many of whom arrive by the interstate highway that is approximately half a mile from Defendant's business. Defendant has revenues and does business transactions in excess of $500,000 a year. Furthermore, Plaintiff's dancer job is not a position involving work that would fall under the exemptions provided to 29 U.S.C. § 213(a)(1) of the FLSA.

6.

Defendant has at all relevant times classified dancers employed in the club—including Carter—as independent contractors. This false classification has been occurring for at least the past three years (the "Employment Period"). Even though Carter has been classified by Defendant as an independent contractor, Defendant has exercised at least the following controls over Carter:

(1) Defendant required Carter to work a minimum of three eight-hour shifts per week, with at least two shifts per week being on a "slow" day. Carter was regularly scheduled to work four days per week, and had some flexibility in the dates she worked, but could be required to work specific shifts if Defendant determined that it needed additional dancers on a given shift;

(2) Defendant required Carter and all other dancers to pay fees to the club and to other Onyx employees. These have included a "bar fee" of $50.00 per shift; an additional "house mom fee" of $10.00 per shift; a "DJ fee" of the greater of $10 or 10% of tips received; a "breathalyzer fee" of $0.50 per shift; "late fees" for arriving late to the club, which varied in amount depending on the manager on duty; and "early leave fees" for leaving before the end of a scheduled shift, which varied in amount depending on the manager on duty;

(3) Defendants at all times had the authority to control the costumes and makeup that Carter wore. No cut off jeans were permitted and high heels were required to be of a certain height. On specific nights of the month or for special events, Carter and other dancers were required to wear special costumes dictated by Defendant. If Carter or any other dancer's makeup was not to the satisfaction of the "house mom," that dancer would either be terminated or be forced to pay $25–30 to have someone in the club do her makeup before she would be permitted to work;

(4) Defendants at all times enforced numerous rules controlling Carter's and other dancers' performances on stage, which included rules regarding how many songs she must stay on stage for, and rules about

performing on the stage surface and stage poles. While stage performances were on regular rotation, Carter and other dancers could be called to the stage at any time by Defendant's managerial and supervisory employees;

(5) Defendants at all times required Carter and other dancers to take a breathalyzer test prior to leaving at the end of every shift, and charged Carter and other dancers $0.50 per attempt;

(6) Defendants at all times controlled whether Carter or other dancers could entertain customers in curtained VIP areas, and would not permit Carter or other dancers to entertain customers in the VIP rooms until the customer paid the a specific amount;

(7) Defendant forbid Carter and other dancers from bringing food from outside the club to eat during their shifts, and would not let them leave the club to eat outside; and

(8) Defendants at all times strictly controlled when Carter and all other dancers could take a break, use the bathroom or dressing room, make phone calls, or do any other activity aside from working on the floor or stage.

7.

Defendant have recklessly and maliciously failed to pay Carter any wages at all, including minimum wage or overtime wages as required by 29 U.S.C. § 201 et seq.

8.

Additionally, all fees and fines imposed on Carter were illegal kickbacks in violation of the "free and clear" requirement of the FLSA and 29 C.F.R. § 531.26. Carter is therefore entitled to be compensated for all illegally imposed kickback fees in addition to unpaid minimum wages to avoid underpayment of the minimum wages owed.

## COUNT I
## MINIMUM WAGE VIOLATIONS PURSUANT TO 29 U.S.C. § 206

9.

Plaintiff hereby incorporates the forgoing paragraphs of this Demand for Arbitration as if fully restated herein.

10.

At all times relevant herein, Carter performed work for which the minimum wage should have been paid to her, but for which she has been paid no wages of any kind by Defendant, in violation of the FLSA provisions requiring the payment of minimum wage.

11.

At all relevant times, Defendant has been legally responsible for all of the wrongful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Carter.

12.

At all relevant time, the unlawful conduct against Carter, as described in each and all of the foregoing paragraphs, was actuated, in whole, in such a way as to bring benefit to Defendant at the expense of Carter. The unlawful conduct described in each and all of the foregoing paragraphs was at all relevant times reasonably foreseeable by Defendant and committed under the actual or apparent authority of Defendant.

13.

These actions were compounded by Defendant's failure to provide notice to Carter it intended to utilize the tip-credit provisions of the FLSA and Defendant's requirement that Carter surrender large fees to Defendant for every shift worked was for the personal enrichment of Defendant.

14.

Upon information and belief, since at least three years before the time of this filing, the practices and policies that are complained of herein were enforced against Carter. Carter was denied proper minimum wage compensation in violation

of 29 U.S.C. § 206. There has been no good faith attempt on the part of Defendant to comply with the provisions of the FLSA. Therefore, these violations constitute a willful violation of the minimum wage provisions in violation of the FLSA as provided for in 29 U.S.C. §255.

15.

Defendant's willfully wrongful and illegal conduct has deprived Carter of the minimum wage to which she is statutorily entitled in an amount to be determined. Additionally, Carter is entitled to his attorney's fees, expenses, and costs incurred in bringing this action, as provided by 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

16.

Plaintiff hereby incorporates the factual allegations in the foregoing paragraphs of this Demand as if fully restated herein.

17.

Pursuant to 29 U.S.C. § 207, Carter is entitled to be compensated at one and one half times the minimum wage for each and every hour worked over forty hours in any given workweek.

18.

Defendant has committed *prima facia* violations of 29 U.S.C. § 207 by failing to pay Carter any wage whatsoever.

19.

Defendant's violations of these provisions are intentional. No good faith attempt to comply with the FLSA has been made. Defendant has paid no wages to Carter, much less required overtime wages. Defendant is liable to Carter for her unpaid overtime wages, liquidated damages, attorney's fees and costs, interest and other such relief as provided in 29 U.S.C. § 216(b).

## COUNT III
## FRAUDULENT FILING OF TAX INFORMATION RETURNS PURSUANT TO 26 U.S.C. § 7434

20.

Plaintiff hereby incorporates the factual allegations in the foregoing paragraphs of this Demand as if fully restated herein.

21.

With respect to the 2011 and 2012 tax years, Defendant filed Forms 1099-MISC with the Internal Revenue Service categorizing monies earned by Carter as nonemployee compensation.

22.

This characterization of Carter's earnings as nonemployee compensation—rather than employee compensation in a Form W-2—was false, because Carter was an employee of Defendant and not an independent contractor.

23.

Defendant intentionally, willfully, and fraudulently misclassified Carter as an independent contractor and filed fraudulent Forms 1099 with respect to Carter for the purpose of Defendant's own enrichment, which included but was not limited to avoiding payment of minimum and overtime wages, avoiding payment of state unemployment taxes, avoiding state and federal payroll tax contributions, and avoiding state workers' compensation taxes.

24.

Pursuant to 26 U.S.C. § 7434, because of Defendant's willful and fraudulent filing of false tax information returns with respect to Carter, Carter is entitled to damages up to and including any actual damages sustained by Carter, or in any event not less than $5,000 per fraudulent filing, as well as costs of litigation and reasonable attorney's fees.

WHEREFORE, Plaintiff prays that this Court:

    (a)    Find that Defendant has willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff minimum wages;

(b) Find that Defendant has willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff overtime wages;

(c) Issue a judgment against Defendant for all unpaid wages, illegal kickback fees and fines, interest, attorney's fees and costs and all other allowed forms of relief as provided by 29 U.S.C. § 216(b);

(d) Issue a judgment for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b);

(e) Issue a judgment for $10,000 against Defendant for $10,000 for two violations of 26 U.S.C. § 7434, which is the minimum amount of liability under that section, in addition to attorney's fees and costs of litigation under that section; and

(f) For such other and further relief as is just and equitable.

Submitted this 1st day of August 2014.

*[signature: Matthew W. Herrington]*

SMITH COLLINS, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350
(404) 806-7180

W. Anthony Collins, Jr.
Ga. Bar No. 141712
*anthony@smithcollinsllc.com*
Matthew W. Herrington
Ga. Bar No. 275411
*matthew@smithcollinsllc.com*

*Attorneys for Plaintiff*

TrueBlock™ Brevet de Technologie en attente
Utilisez le gabarit 5164™
Case 1:14-cv-02812-WBH   Document 1-1   Filed 09/02/14   Page 12 of 12
www.avery.com
1-800-GO-AVERY
AVERY® 5164™



IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
SUMMONS

Lashaun Y. Carter

**Plaintiff,**

) Case
) No.: 2014CV249737
)
)
)
)

vs.

Galardi South Enterprises, Inc. d/b/a Onyx

**Defendant**

)
)
)
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S): Galardi South Enterprises, Inc.

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is:

W. Anthony Collins, Jr.
SMITH COLLINS, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ___01___ day of ___August___, 20_14_

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _Veronica Brewer_
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you

8-4-14 @ 11:45 AM
_____, 20_____

Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used