IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LASHAUN Y. CARTER**, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**GALARDI SOUTH ENTERPRISES, INC.** d/b/a Onyx, a corporation,<br><br>　　　　Defendant. | Civil Action No. 1:14-cv-02812-WBH |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff Lashaun Y. Carter ("Plaintiff") and Defendant Galardi South Enterprises, Inc. d/b/a Onyx ("Defendant") hereby file their Joint Preliminary Report and Discovery Plan in the above-styled matter, pursuant to N.D. Ga. Local Rule 16.2, and state as follows:

**1.    Description of Case:**

　　(a)    **Describe briefly the nature of this action.**

This is an action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA") and 26 U.S.C. § 7434 (fraudulent filing of tax information returns). Plaintiff asserts in her Complaint that Defendants (1) violated 29 U.S.C. §§ 206 and 207 by failing to pay minimum wage and

overtime for the time that Plaintiffs worked , and (2) violated 26 U.S.C. § 7434 by issuing IRS Forms 1099 falsely classifying her as an independent contractor. Defendant denies Plaintiff's claims.

 (b) **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiff's Response:**

Plaintiff was formerly an exotic dancer and waitress at Defendant's business, the Atlanta gentlemen's club Onyx. She claims that she was not paid by Defendant for any work performed, improperly classified by Defendant as an independent contractor, and forced by Defendant to pay illegal kickbacks in the form of fees and fines. Plaintiff additionally claims that Defendant has improperly filed IRS Forms 1099 for her, rather than W-2's, in a fraudulent scheme to misclassify her as an independent contractor.

**Defendants' Response:**

Defendant denies it was Plaintiff's employer.  Defendant further denies Plaintiff was improperly classified or that she was improperly paid.  Defendant denies all allegations concerning alleged "illegal kickbacks in the form of fees and fines."  Finally, Defendant denies Plaintiff's claim that Defendant intentionally filed a false tax information return for her.

**(c)     The legal issues to be tried are as follows:**

(1) Whether Plaintiff is an independent contractor or employee under the FLSA;

(2) Whether Defendant failed to pay Plaintiff minimum wages in violation of the FLSA;

(3) Whether Defendant failed to pay Plaintiff overtime wages in violation of the FLSA;

(4) Whether Plaintiff is entitled to recovery of any damages, including unpaid wages, liquidated damages, illegal kickbacks, attorney's fees, and costs and if so, in what amount;

(5) If Defendant violated the FLSA, whether its violations were willful;

(6) Whether any of Plaintiff's claims are barred by applicable statutes of limitations.

(7) Whether Plaintiff was exempt from the requirements of the FLSA under the creative professional exemption?

(8) To the extent Defendant has any FLSA liability, whether Defendant is entitled to a set-off for the service charge amounts Plaintiff was paid and allowed to keep as an entertainer?

Discovery has not yet been propounded in this action and the Parties reserve the right to amend, modify, or supplement the legal issues stated herein.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:** A potential related case is *Sametha Glen et al. v. Terri Galardi, et al.,* USDC, N.D. Georgia, Civil Action File No. 1:13-cv-3670-WBH.

**(2) Previously Adjudicated Related Cases:** None.

**2.  Complexity:**

**This case is complex because it possesses one (1) or more of the features listed below (please check):**

\_\_\_\_\_ (1)  Unusually large number of Parties (potentially)

\_\_\_\_\_ (2)  Unusually large number of claims or defenses (potentially)

\_\_\_\_\_ (3)  Factual issues are exceptionally complex

\_\_\_\_\_ (4)  Greater than normal volume of evidence

\_\_\_\_\_ (5)  Extended discovery period is needed

\_\_\_\_\_ (6)  Problems locating or preserving evidence

\_\_\_\_\_ (7)  Pending parallel investigations or actions by government

\_\_\_\_\_ (8)  Multiple use of experts

\_\_\_\_\_ (9)  Need for discovery outside United States boundaries

\_\_\_\_\_ (10) Existence of highly technical issues and proof

    \_\_\_\_\_ (11)  Unusually complex discovery of electronically stored information

3. **Counsel**:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**  W. Anthony Collins, Jr., Esq.
Ga. Bar No. 141712
SMITH, COLLINS & FLETCHER, P.A.
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350
(678) 245-6783 (Tel.)
(888) 413-3031 (Fax)
anthony@SCandF.com

**Defendant:**  Dean R. Fuchs
SCHULTEN WARD & TURNER, LLP
260 Peachtree Street, NW, Suite 2700
Atlanta, GA 30303
(404) 688-6800 (Tel.)
(404) 688-6840 (Fax)
drf@swtlaw.com

4. **Jurisdiction**:

Is there any question regarding this Court's jurisdiction?

\_\_ Yes   \_X\_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims,

5

identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

    (a)    The following persons are necessary parties who have not been joined:

    **Plaintiff's Response:** Galardi South Enterprises Consulting, Inc.; Pony Tail, Inc.; and Teri Galardi.

    **Defendant's Response:**

    (b)    The following persons are improperly joined as parties:

    **Plaintiff's Response:** None

    **Defendants' Response:** Galardi South Enterprises Consulting, Inc. and Teri Galardi.

The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

    **Response:** None

    (d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amendments and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Response:   None, apart from Plaintiff's previously filed Motion for Leave to Amend. [Doc. 4].

**(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)    *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

7

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

**Response:** The Parties do not object to the service of Initial Disclosures.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

Response:  The parties do not seek a scheduling conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three discovery tracks:  (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

The Parties anticipate that discovery will be needed as to the merits of Plaintiff's claims, including Plaintiff's job duties and requirements, the hours

worked by Plaintiff, and all fees and fines paid by Plaintiff. Defendant believes discovery will be needed on its defenses and the items identified by Plaintiff, above.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

**Response:** The Parties anticipate that four months of discovery may be adequate if Plaintiff's Motion for Leave to Amend [Doc. 4] is granted and Plaintiff is timely able to achieve service upon additional defendants, however the parties reserve the right to request additional time to complete discovery for good cause shown.

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Response:** None.

**(b)    Is any party seeking discovery of electronically stored information?**

    X  Yes        ___ No

**If "yes,"**

**(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

Response:  The Parties may seek discovery of e-mails and other electronic communications.

**(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

Response: The Parties agree that the format for production of documents, whether ESI or hard copy documents, shall be PDF files. The parties agree that the method of production for all ESI or hard copy documents shall be e-mail, to the extent feasible.  The parties have not yet agreed upon the format for production of

11

ESI and parameters for inclusion of limited metadata. If metadata is requested the parties will confer and attempt in good faith to reach an agreement. Defendant has already shared with Plaintiff that it has very little, if anything, in the form of ESI.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

12. <u>Other Orders</u>:

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

Response: Defendant will request the entry of a protective order prior to the service of any information which is confidential or trade secret.

13. <u>Settlement Potential</u>:

**(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on October 8, 2014, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For plaintiff:   Lead counsel (signature): <u>*/s/ W. Anthony Collins, Jr., Esq.*</u>

　　　　　　　　　Other participants: _____

For defendant:   Lead counsel (signature): <u>*/s/ Dean R. Fuchs*</u>

**Other participants:** _____

(b) **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

( x ) A possibility of settlement before discovery.

( x ) A possibility of settlement after discovery.

(___) A possibility of, but a conference with the judge is needed.

(___) No possibility of settlement.

(c) **Counsel ( x ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is**:  October 30, 2014.

(d) **The following specific problems have created a hindrance to settlement of this case.**  Not applicable.

14. **Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) **The parties (___) do consent to have this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____ 20___.**

13

**(b)     The parties ( x ) do not consent to having this case tried before a magistrate judge of this Court**

Dated:  October 9, 2014

/s/ W. Anthony Collins, Jr.              /s/ Dean R. Fuchs
W. Anthony Collins, Jr.                   Dean R. Fuchs
Ga. Bar No. 141712                        Ga. Bar No. 279170
Counsel for Plaintiff                     Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LASHAUN Y. CARTER, an individual,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GALARDI SOUTH ENTERPRISES, INC. d/b/a Onyx, a corporation,**<br><br>**Defendant.** | Civil Action No. 1:14-cv-02812-WBH |

## L.R. 7.1 CERTIFICATION & CERTIFICATE OF SERVICE

I hereby certify that this document has been prepared with one of the font and point selections approved by the court in LR 5.1 or, if type written, that the brief does not contain more than 10 characters per inch of type. This document was prepared in Times New Roman 14 point font.

I further I hereby certify that on the date signed below, I electronically filed JOINT PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Dean R. Fuchs
Schulten Ward & Turner, LLP
260 Peachtree Street, NW, Suite 2700

15

Atlanta, GA 30303
drf@swtlaw.com

Dated: October 9, 2014

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411