IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASHAUN Y. CARTER, an individual,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>GALARDI SOUTH ENTERPRISES, INC. d/b/a Onyx; GALARDI SOUTH ENTERPRISES CONSULTING, INC. d/b/a/ Onyx; PONY TAIL, INC. d/b/a/ Onyx; and TERI GALARDI, an individual,<br><br>　　　　　　Defendants. | Civil Action No. 1:14-cv-02812-WBH |

**PLAINTIFF'S INITIAL DISCLOSURES**

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

RESPONSE: This action is brought pursuant to the Fair Labor Standards Act (29 U.S.C. § 201 *et seq*.). Lashaun Carter (hereinafter "Plaintiff") was employed by Galardi South Enterprises, Inc., Galardi South Enterprises Consulting, Inc., Pony Tail, Inc., and Teri Galardi (collectively "Defendants") at

Club Onyx as an exotic dancer from July 2011 until May 2012. During Plaintiff's employment, Defendants never paid Plaintiff any wages whatsoever and imposed an illegal scheme of kickbacks in the form of fines and fees. For instance, for each shift Plaintiff worked, she was required to pay Defendants a $50 fee. Additionally, in 2011 and 2012, Defendants filed a Form 1099-MISC with the Internal Revenue Service even though Plaintiff was an employee.

Plaintiff seeks recovery of the minimum and overtime wages she is due, liquidated damages, repayment of all illegally imposed fees, and payment of reasonable attorney's fees and costs of litigation relating to the wage claims. Plaintiff also seeks a judgment for no less than $10,000 for Defendants' willful violations of 26 U.S.C. § 7434 as well as attorney's fees and costs of litigation relating to that violation.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

<u>RESPONSE</u>: This action is brought pursuant to the Fair Labor Standards Act (29 U.S.C. § 201 *et seq*.), particularly §§ 206 (minimum wages) and 207 (overtime wages). This case also involves the fraudulent filing of tax information returns pursuant to 26 U.S.C. § 7434.

This case is factually similar to numerous other FLSA actions brought against adult entertainment establishments in previous years, many of which are still ongoing. Among those, the most significant is <u>Clincy et al. v. Galardi South Enterprises, Inc. d/b/a/ The Onyx et al.</u>, Civil Action No. 09-CV-2082-RWS (N.D. Ga. 2009).

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

<u>RESPONSE</u>: See Attachment A. Plaintiff reserves the right to supplement this witness list as additional witnesses are identified or ascertained.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

<u>RESPONSE</u>: Plaintiff has not yet declared any expert witnesses for use at trial. Should she do so, Plaintiff will supplement her response to this disclosure as necessary, in accordance with applicable rules of procedure.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and**

**tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

RESPONSE: Plaintiff is not aware of any documents or tangible evidence in her possession that she might use to support her claims. Upon information and belief, documents such as work schedules are in the possession and custody of Defendants. Plaintiff reserves the right to supplement this list of documentary and tangible evidence if such documents or evidence are later identified.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34.**

RESPONSE: Plaintiff is unable to precisely calculate the damages to which she is entitled to at this time. All damages are based on unpaid minimum and overtime wage, illegal kickback fees paid by Plaintiff to Defendants, and attorney's fees and costs of litigation. At this time, Plaintiff can only roughly estimate the number of hours she worked for Defendants and the amount of fees and fines she

paid to Defendants. Furthermore, many elements of a damages calculation, like liquidated damages, punitive damages, and attorney's fees, are within the sound discretion of the jury or the Court and cannot be determined.

Plaintiff does not possess any documents or other evidentiary material reflecting the precise damages to which she is entitled. Plaintiff anticipates that all such documents or other evidentiary material is in the possession of Defendants.

**(7) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

RESPONSE: Not applicable.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs' cause of action and state the basis and extent of such interest.**

RESPONSE: No known individuals have any subrogation interest in this action.

Dated: December 1, 2014

          SMITH, COLLINS & FLETCHER, P.A.

          */s/ W. Anthony Collins, Jr.*

8565 Dunwoody Place     W. Anthony Collins, Jr.
Building 15, Suite B       Georgia Bar No. 141712
Atlanta, Georgia 30350    *Anthony@SCandF.com*
Phone: (678) 245-6785
Fax: (888) 413-3031

          *Attorney for Plaintiff*

## ATTACHMENT A

1. Lashaun Y. Carter, c/o Smith Collins & Fletcher, P.A., 8565 Dunwoody Place, Building 15, Suite B, Atlanta, Georgia 30350. Ms. Carter is a former employee of Defendants. She is likely to have discoverable information related to the hours she worked for Defendants without compensation, kickbacks she was required to pay to Defendants in order to work, Defendants' policies and controls over her, and other facts contained in Plaintiff's Complaint.

2. Teri Galardi, Defendant and therefore may be contacted only through Defendants' counsel. As corporate secretary and office manager of the nightclub, Ms. Galardi is likely to have general knowledge regarding the claims and defenses asserted in this litigation.

3. Other current and former employees of Defendants whose identities are not yet known to Plaintiff.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LASHAUN Y. CARTER, an individual,<br><br>          Plaintiff,<br><br>   vs.<br><br>GALARDI SOUTH ENTERPRISES, INC. d/b/a Onyx; GALARDI SOUTH ENTERPRISES CONSULTING, INC. d/b/a/ Onyx; PONY TAIL, INC. d/b/a/ Onyx; and TERI GALARDI, an individual,<br><br>          Defendants. | Civil Action No. 1:14-cv-02812-WBH |

## L.R. 7.1 CERTIFICATION & CERTIFICATE OF SERVICE

I hereby certify that this document has been prepared with one of the font and point selections approved by the court in LR 5.1 or, if type written, that the brief does not contain more than 10 characters per inch of type. This document was prepared in Times New Roman 14 point font.

I further I hereby certify that on the date signed below, I electronically filed PLAINTIFF'S INITIAL DISCLOSURES with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Dean R. Fuchs
drf@stwlaw.com

Dated: December 1, 2014

                                          SMITH, COLLINS & FLETCHER, P.A.

                                          */s/ W. Anthony Collins, Jr.*

8565 Dunwoody Place            W. Anthony Collins, Jr.
Building 15, Suite B              Georgia Bar No. 141712
Atlanta, Georgia 30350          *Anthony@SCandF.com*
Phone: (678) 245-6785
Fax: (888) 413-3031

                                          *Attorney for Plaintiff*