IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASHAUN Y. CARTER, an individual, )<br>)<br>　　Plaintiff, )<br>)<br>v. )<br>)<br>GALARDI SOUTH ENTERPRISES, )<br>INC. d/b/a Onyx, a corporation, )<br>)<br>　　Defendant. )<br>_____) | Civil Action File No.<br>1:14-CV-02812-WBH |

### INITIAL DISCLOSURES OF DEFENDANT
### GALARDI SOUTH ENTERPRISES, INC.

COMES NOW GALARDI SOUTH ENTERPRISES, INC., Defendant in the above-styled civil action, and files its Rule 26(a) Initial Disclosures, showing the Court as follows:

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**RESPONSE:** **Defendant is improperly identified in this civil action in that it does not "do business as Onyx" nor has it ever done business as Onyx.**

(2) Provide the Names of any parties whom defendant contends are necessary parties to this action, but which have not been named by plaintiff. If

1

defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**RESPONSE:** Pony Tail, Inc. d/b/a Onyx.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by the defendant in the responsive pleading.

**RESPONSE:** **Plaintiff is/was not an "employee" of Defendant, nor is/was Defendant her "employer" as those terms are defined by the Fair Labor Standards Act. Therefore, Defendant has no legal obligation to pay Plaintiff the federal minimum wage or overtime wages (assuming she worked in excess of 40 hours in any given workweek). Even assuming Plaintiff is/was "employed" by Defendant, she earned at least the federal minimum wage for each hour she worked during the relevant time period. Plaintiff did not work more than 40 hours in any given workweek.**

**Plaintiff's claim for wages which are more than two (2) years old are barred by the FLSA's statute of limitations because Plaintiff will be unable to demonstrate any willful violation of the Act by Defendant. To the extent Plaintiff received monies which belonged to Defendant (e.g. its service charges), Defendant is entitled to a set-off against any minimum wage liability owed to Plaintiff. Not all of the time claimed by Plaintiff was compensable work time.**

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**RESPONSE: The Fair Labor Standards Act, its implementing regulations, and case law decided thereunder.**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE:** See Attachment "A."

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P.26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**RESPONSE:** See Attachment "B."

(7) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody or control that you may use to support your claims or defenses solely for

impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE:     See Attachment "C."**

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34 (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:     Not Applicable, but Defendant reserves the right to seek the recovery of its fees and expenses of litigation from Plaintiff.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE:     None.**

(10) Attach for inspection and copying as under Fed.R.Civ.P.34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this

4

action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE: None.**

This 1st day of December, 2014.

Respectfully submitted,

*/s/ Dean R. Fuchs*
SUSAN KASTAN MURPHEY
Georgia Bar No. 408498
DEAN R. FUCHS
Georgia Bar No. 279170

Attorneys for Defendant

Schulten, Ward & Turner, LLP
260 Peachtree Street
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-6840 facsimile

# ATTACHMENT A

## (INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION)

1. LaShaun Carter, c/o Plaintiff's counsel;

2. Pony Tail, Inc.;

3. Rick Hayes, General Manager, Club Onyx.

4. Clifford Adams, Manager, Club Onyx.

5. Other individuals who work and/or perform at Club Onyx whose identities have not yet been discovered.

## **ATTACHMENT B**

## **(EXPERT WITNESSES)**

Defendant has not yet identified any expert witness to testify in this action. Defendant will seasonably supplement its response to these Initial Disclosures as required by law.

## ATTACHMENT C

## (DOCUMENTARY AND PHYSICAL EVIDENCE)

Defendant anticipates relying upon the following documentary and physical evidence:

1. Documents evidencing Plaintiff's alleged damages;

2. Documents evidencing Plaintiff's dates/hours worked during the relevant time period;

3. Documents evidencing Plaintiff's compensation from Onyx;

4. Documents reflecting the economic realities of Plaintiff's alleged "employment" with Defendant;

# ATTACHMENT E

# (INSURANCE POLICY)

None.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LASHAUN Y. CARTER, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No. |
| ) | 1:14-CV-02812-WBH |
| GALARDI SOUTH ENTERPRISES, ) | |
| INC. d/b/a Onyx, a corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that this filing complies with the requirements of Local Rule 5.1B (Times New Roman, 14 point) and that I have this day served a copy of the within and foregoing **DEFENDANT GALARDI SOUTH ENTERPRISES, INC.'S INITIAL DISCLOSURES** by using the court's CM/ECF system as follows:

W. Anthony Collins, Jr.
Smith Collins & Fletcher, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350

This 1st day of December, 2014.

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279170

Attorney for Defendant