IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASHAUN Y. CARTER, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No. |
| ) | 1:14-CV-02812-WBH |
| GALARDI SOUTH ENTERPRISES, ) | |
| INC. d/b/a Onyx, a corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S BRIEF IN SUPPORT OF ITS
### MOTION FOR SANCTIONS AGAINST PLAINTIFF

COMES NOW GALARDI SOUTH ENTERPRISES, INC., Defendant in the above-styled action, and pursuant to Fed.R.Civ.P. 37(d), files this Brief in Support of its Motion for Sanctions against Plaintiff Lashaun Y. Carter for her failure to appear for a duly noticed deposition in this civil action.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

This civil action was filed on August 1, 2014, and removed to this Court on September 2, 2014. [Doc. 1]. Defendant Galardi South Enterprises, Inc. ("GSE") timely filed its Answer on September 9, 2014. [Doc. 2]. The discovery period began 30 days later, on or about October 9, 2014, and pursuant to a Joint Preliminary Report and Discovery Plan filed on October 9, 2014 [Doc. 5], the discovery period

was scheduled to close on February 6, 2015. On January 23, 2015, having not received from Plaintiff's counsel to depose Plaintiff, Defendant noticed Plaintiff's deposition for the last day of the discovery period, February 6, 2015. [Doc. 11].

On February 6, 2015, Defendant's counsel appeared at the designated time and place to depose the Plaintiff. After waiting approximately 40 minutes, neither Plaintiff nor her counsel appeared for the deposition, nor did they make any effort to contact Defendant's counsel by phone or e-mail. The discovery period in this civil action is now closed, and this matter is before the Court on Defendant's Motion for Sanctions against the Plaintiff.

## II.  ARGUMENT AND CITATION OF AUTHORITY

Defendant prays that this Court sanction Plaintiff by dismissing her Complaint, with prejudice, for her complete failure to appear for her duly noticed deposition.[1]

### A.  Plaintiff Should Be Sanctioned for Her Failure To Appear for Her Duly Noticed Deposition.

The Federal Rules of Civil Procedure are clear that a party is subject to immediate sanctions, without the necessity of an order compelling discovery, where that party fails to appear for her own deposition following proper notice.

Fed.R.Civ.P. 37(d)(1)(A)(i)-(vi).  The failure of a party to attend a properly noticed deposition authorizes the Court to impose any of the following sanctions identified in Fed.R.Civ.P. 37(b)(2)(A):

    (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)    striking pleadings in whole or in part;

    (iv)    staying further proceedings until the order is obeyed;

    (v)    dismissing the action or proceeding in whole or in part; or

    (vi)    rendering a default judgment against the disobedient party.

The Court should exercise its discretion and sanction Plaintiff appropriately. Plaintiff's counsel of record was twice served with the Notice to Take the Deposition of Plaintiff – once on January 23, 2015 via PACER [Doc. 11] and again by U.S. Mail, served on January 23, 2015 by Defendant's counsel.

---

[1] To the extent Defendant's Motion is granted, Defendant requests leave to file a properly-supported Petition for Attorney's Fees and Expenses of Litigation associated with the Plaintiff's non-appearance at her deposition.

The 4-month discovery period expired on February 6, 2015, and because of Plaintiff's non-appearance for her deposition, Defendant has been prejudiced in that it has been unable to take her discovery deposition, and has now unnecessarily incurred fees and expenses in preparation for a deposition in which Plaintiff did not appear, and Defendant had no notice that Plaintiff would not appear.

Involuntary dismissal is not a step which a court should ordinarily take absent compelling circumstances. As the Eleventh Circuit has held, dismissal under Rule 37 "is an extreme remedy and should not be imposed if lesser sanctions will suffice." *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988). In determining whether lesser sanctions will suffice, the presence or absence of willfulness is a relevant consideration. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2291 (2d ed.1995). Plaintiff, however, has neither offered any explanation for her failure to appear for the taking of her deposition. *See Hashemi v. Campaigner Publications, Inc.,* 737 F.2d 1538 (11th Cir.1984) (dismissal was an appropriate sanction for plaintiff's failure to appear at deposition or offer adequate explanation for his non-appearance); *Bonaventure v. Butler,* 593 F.2d 625, 626 (5th Cir.1979) (plaintiff's repeated failure to appear for deposition warranted dismissal of his suit with prejudice); *Durgin v. Graham,* 372 F.2d 130, 131 (5th Cir.1967) (where plaintiff has not appeared for deposition or

given any indication that he intends to do so in the future, dismissal is appropriate); *Foss v. Gerstein,* 58 F.R.D. 627 (S.D.Fla.1973) (plaintiff's failure to appear for deposition or to justify his conduct warranted dismissal of his action); *Mills v. Anderson*, No. CV606-88, 2008 WL 80303, at *1 (S.D. Ga. Jan. 7, 2008).

The admittedly severe sanction of dismissal was entered in the case of *In the Matter of Eddie Lee Graham*, 191 B.R. 489 (Bkrtcy.N.D.Ga.1996), where the Bankruptcy Court ordered the dismissal of the Debtor-Defendant's third-party complaint in an adversary proceeding after his failure to appear for his deposition. The Court found that the sanction of dismissal was warranted under the circumstances because the defendant not only failed to appear for his deposition and offered no explanation for his failure to appear, but it was part of a broader obstructionist attitude the defendant had demonstrated in the litigation. *Id.* at 496-497. Plaintiff respectfully suggests that the Court dismiss Plaintiff's Complaint, and that a judgment be entered for Defendant.

**B.   Defendant Is Entitled To Recover Its Reasonably Incurred Attorneys' Fees and Expenses In Bringing This Motion.**

In addition to any other sanction imposed against Plaintiff in the Court's sound discretion, Defendant should be awarded its reasonable attorney's fees and expenses of litigation to be paid by Plaintiff. Fed.R.Civ.P. 37(d)(3) requires the Court assess Plaintiff with Defendant's reasonable expenses, including attorneys' fees, caused by

5

her failure to appear at her deposition.  In this case, Plaintiff's willful failure to appear for her deposition has resulted in delay and Defendant's counsel having to expend time in preparation of the deposition and this motion, not to mention the appearance and no-show take-down fee of a certified court reporter.

### III.  CONCLUSION

Defendant prays that the Court enter an order dismissing the Plaintiff's Complaint, with prejudice for her failure to appear for a properly noticed deposition. Defendant also prays that its request for its reasonably incurred attorney's fees and expenses be granted, and that it have leave to file a properly supported petition for such fees and expenses.

This 15th day of February, 2015.

Respectfully submitted,

/s/ Dean R. Fuchs
Dean R. Fuchs
Georgia Bar No. 279170
Attorney for Defendant

Schulten, Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, Georgia  30303
(404) 688-6800

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **LASHAUN Y. CARTER, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action File No.** |
| ) | **1:14-CV-02812-WBH** |
| **GALARDI SOUTH ENTERPRISES,** ) | |
| **INC. d/b/a Onyx, a corporation,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that this filing complies with the font and font size requirements of Local Rule 5.1 and that I have this day served all parties with a copy of the above and foregoing **BRIEF IN SUPPORT OF DEFENDANT'S MOTIONS FOR SANCTIONS AGAINST PLAINTIFF** by using the Court's CM/ECF system upon the following:

Anthony@SCandF.com

This 15th day of February, 2015.

/s/ Dean R. Fuchs
Dean R. Fuchs
Georgia Bar No. 279170

Schulten Ward & Turner, LLP
260 Peachtree Street, NW, Suite 2700
Atlanta, GA 30303
(404) 688-6800