IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LASHAUN Y. CARTER**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**GALARDI SOUTH ENTERPRISES, INC.** d/b/a Onyx;<br><br>**GALARDI SOUTH ENTERPRISES CONSULTING, INC.** d/b/a Onyx;<br><br>**PONY TAIL, INC.** d/b/a Onyx; and<br><br>**TERI GALARDI**, an individual,<br><br>Defendants. | Civil Action File No.<br>1:14-CV-02812-WBH |

## COMPLAINT

NOW COMES Plaintiff Lashaun Y. Carter, by and through her attorneys, against Defendant Galardi South Enterprises, Inc.; Galardi South Enterprises Consulting, Inc.; Pony Tail, Inc.; and Teri Galardi (collectively "Defendants") and alleges as follows:

## THE PARTIES

1.

Plaintiff Carter, is an individual residing in Morrow, Clayton County, Georgia. Carter is a former employee of Defendant. Carter worked as an exotic dancer or entertainer (hereinafter "dancer") for Defendant from approximately late July 2011 through mid-May 2012. During his this period, Defendant never paid her any wage of any kind. In fact, Carter was required to pay out of pocket to work for Defendant for each and every shift she worked.

2.

Defendant Galardi South Enterprises, Inc. d/b/a Onyx (hereinafter "Galardi South") is incorporated under the laws of the state of Georgia. Its principal place of business is 1888 Cheshire Bridge Road, Atlanta, Georgia 30324. Its registered office address is 1730 N.E. Expressway, Suite 200, Atlanta, Georgia 30329. It can be served via its registered agent, Dennis Williams, at 1730 N.E. Expressway, Suite 200, Atlanta, Georgia 30329.

3.

Defendant Galardi South Enterprises Consulting, Inc. d/b/a Onyx (hereinafter "Galardi Consulting") is incorporated under the laws of the state of Georgia. Its principal place of business is 1888 Cheshire Bridge Road, Atlanta,

Georgia 30324. Its registered office address is 2555 Chantilly Dr NE, Atlanta, Georgia 30324. It can be served via its registered agent, Dennis Williams, at 2555 Chantilly Dr NE, Atlanta, Georgia 30324.

4.

Defendant Pony Tail, Inc. (hereinafter "Pony Tail") is incorporated under the laws of the state of Georgia. Its principal place of business is 1888 Cheshire Bridge Road, Atlanta, Georgia 30324. Its registered office address is 2555 Chantilly Dr NE, Atlanta, Georgia 30324. It can be served via its registered agent, Dennis Williams, at 2555 Chantilly Dr NE, Atlanta, Georgia 30324.

5.

Defendant Teri Galardi an individual residing in Fulton County, Georgia. She is the CEO and Secretary of Galardi South Enterprises Consulting, Inc. and is the CEO of Pony Tail, Inc. She can be served at 2555 Chantilly Dr NE, Atlanta, Georgia 30324, or wherever she may be found.

**JURISDICTION AND VENUE**

6.

This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this civil action is brought pursuant to 29 U.S.C. § 201 et seq., 26 U.S.C. § 7434.

Plaintiff does not assert any cause of action that is subject to any collective bargaining agreement.

7.

This court has personal jurisdiction over the parties to this action as a result of the location of Defendants' wrongful acts. Additionally, Defendants Galardi South, Galardi Consulting, and Pony Tail are businesses incorporated and existing under the laws of the State of Georgia and subject to the jurisdiction of this Court. Defendant Teri Galardi is a resident of the State of Georgia.

8.

Upon information and belief, venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S. C. §1391(b) because, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred in this district.

**FACTUAL ALLEGATIONS**

9.

Defendants operate a successful and long-lived Atlanta nightclub known as "Onyx." The business of Defendants is to provide alcoholic beverages and various types of entertainment to customers while nude and semi-nude women dance throughout the establishment.

10.

The minimum wage, overtime wage and tip credit policies have applied and been controlling on Defendants at all times. Defendant is an enterprise engaging in commerce by regularly serving alcohol, food, and tobacco products that have been shipped in interstate commerce, by regularly processing out of state credit cards, by regularly using the wires and mail in furtherance of its business, and by regularly serving large numbers of out-of-state customers, many of whom arrive by the interstate highway that is approximately half a mile from Defendants' business. Defendants have revenues and do business transactions in excess of $500,000 a year. Furthermore, Plaintiff's dancer job is not a position involving work that would fall under the exemptions provided to 29 U.S.C. § 213(a)(1) of the FLSA.

11.

Defendants have at all relevant times classified dancers employed in the club—including Carter—as independent contractors. This false classification has been occurring for at least the past three years (the "Employment Period"). Even though Carter has been classified by Defendants as an independent contractor, Defendants have exercised at least the following controls over Carter:

(1)  Defendants required Carter to work a minimum of three eight-hour shifts per week, with at least two shifts per week being on a "slow"

day. Carter was regularly scheduled to work four days per week, and had some flexibility in the dates she worked, but could be required to work specific shifts if Defendants determined that it needed additional dancers on a given shift;

(2) Defendants required Carter and all other dancers to pay fees to the club and to other Onyx employees. These have included a "bar fee" of $50.00 per shift; an additional "house mom fee" of $10.00 per shift; a "DJ fee" of the greater of $10 or 10% of tips received; a "breathalyzer fee" of $0.50 per shift; "late fees" for arriving late to the club, which varied in amount depending on the manager on duty; and "early leave fees" for leaving before the end of a scheduled shift, which varied in amount depending on the manager on duty;

(3) Defendants at all times had the authority to control the costumes and makeup that Carter wore. No cut off jeans were permitted and high heels were required to be of a certain height. On specific nights of the month or for special events, Carter and other dancers were required to wear special costumes dictated by Defendants. If Carter or any other dancer's makeup was not to the satisfaction of the "house mom," that dancer would either be terminated or be forced to pay $25–30 to have

someone in the club do her makeup before she would be permitted to work;

(4) Defendants at all times enforced numerous rules controlling Carter's and other dancers' performances on stage, which included rules regarding how many songs she must stay on stage for, and rules about performing on the stage surface and stage poles. While stage performances were on regular rotation, Carter and other dancers could be called to the stage at any time by Defendant's managerial and supervisory employees;

(5) Defendants at all times required Carter and other dancers to take a breathalyzer test prior to leaving at the end of every shift, and charged Carter and other dancers $0.50 per attempt;

(6) Defendants at all times controlled whether Carter or other dancers could entertain customers in curtained VIP areas, and would not permit Carter or other dancers to entertain customers in the VIP rooms until the customer paid the a specific amount;

(7) Defendants forbid Carter and other dancers from bringing food from outside the club to eat during their shifts, and would not let them leave the club to eat outside; and

(8) Defendants at all times strictly controlled when Carter and all other dancers could take a break, use the bathroom or dressing room, make phone calls, or do any other activity aside from working on the floor or stage.

12.

Defendants have recklessly and maliciously failed to pay Carter any wages at all, including minimum wage or overtime wages as required by 29 U.S.C. § 201 et seq.

13.

Additionally, all fees and fines imposed on Carter were illegal kickbacks in violation of the "free and clear" requirement of the FLSA and 29 C.F.R. § 531.26. Carter is therefore entitled to be compensated for all illegally imposed kickback fees in addition to unpaid minimum wages to avoid underpayment of the minimum wages owed.

## COUNT I
## MINIMUM WAGE VIOLATIONS PURSUANT TO 29 U.S.C. § 206

14.

Plaintiff hereby incorporates the forgoing paragraphs of this Complaint as if fully restated herein.

15.

At all times relevant herein, Carter performed work for which the minimum wage should have been paid to her, but for which she has been paid no wages of any kind by Defendants, in violation of the FLSA provisions requiring the payment of minimum wage.

16.

At all relevant times, Defendants have been legally responsible for all of the wrongful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Carter.

17.

At all relevant time, the unlawful conduct against Carter, as described in each and all of the foregoing paragraphs, was actuated, in whole, in such a way as to bring benefit to Defendants at the expense of Carter. The unlawful conduct described in each and all of the foregoing paragraphs was at all relevant times reasonably foreseeable by Defendants and committed under the actual or apparent authority of Defendants.

18.

These actions were compounded by Defendants' failure to provide notice to Carter it intended to utilize the tip-credit provisions of the FLSA and  Defendant's

requirement that Carter surrender large fees to Defendant for every shift worked was for the personal enrichment of Defendant.

19.

Upon information and belief, since at least three years before the time of this filing, the practices and policies that are complained of herein were enforced against Carter. Carter was denied proper minimum wage compensation in violation of 29 U.S.C. § 206. There has been no good faith attempt on the part of Defendants to comply with the provisions of the FLSA. Therefore, these violations constitute a willful violation of the minimum wage provisions in violation of the FLSA as provided for in 29 U.S.C. §255.

20.

Defendants' willfully wrongful and illegal conduct has deprived Carter of the minimum wage to which she is statutorily entitled in an amount to be determined. Additionally, Carter is entitled to his attorney's fees, expenses, and costs incurred in bringing this action, as provided by 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

21.

Plaintiff hereby incorporates the factual allegations in the foregoing paragraphs of this Complaint as if fully restated herein.

22.

Pursuant to 29 U.S.C. § 207, Carter is entitled to be compensated at one and one half times the minimum wage for each and every hour worked over forty hours in any given workweek.

23.

Defendants have committed *prima facia* violations of 29 U.S.C. § 207 by failing to pay Carter any wage whatsoever.

24.

Defendants' violations of these provisions are intentional. No good faith attempt to comply with the FLSA has been made. Defendants have paid no wages to Carter, much less required overtime wages. Defendants are liable to Carter for her unpaid overtime wages, liquidated damages, attorney's fees and costs, interest and other such relief as provided in 29 U.S.C. § 216(b).

## COUNT III
## FRAUDULENT FILING OF TAX INFORMATION RETURNS PURSUANT TO 26 U.S.C. § 7434

25.

Plaintiff hereby incorporates the factual allegations in the foregoing paragraphs of this Complaint as if fully restated herein.

26.

With respect to the 2011 and 2012 tax years, Defendants filed Forms 1099-MISC with the Internal Revenue Service categorizing monies earned by Carter as nonemployee compensation.

27.

This characterization of Carter's earnings as nonemployee compensation—rather than employee compensation in a Form W-2—was false, because Carter was an employee of Defendants and not an independent contractor.

28.

Defendants intentionally, willfully, and fraudulently misclassified Carter as an independent contractor and filed fraudulent Forms 1099 with respect to Carter for the purpose of Defendants' own enrichment, which included but was not limited to avoiding payment of minimum and overtime wages, avoiding payment

of state unemployment taxes, avoiding state and federal payroll tax contributions, and avoiding state workers' compensation taxes.

29.

Pursuant to 26 U.S.C. § 7434, because of Defendants' willful and fraudulent filing of false tax information returns with respect to Carter, Carter is entitled to damages up to and including any actual damages sustained by Carter, or in any event not less than $5,000 per fraudulent filing, as well as costs of litigation and reasonable attorney's fees.

WHEREFORE, Plaintiff prays that this Court:

(a) Find that Defendants have willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff minimum wages;

(b) Find that Defendants have willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff overtime wages;

(c) Issue a judgment against Defendants for all unpaid wages, illegal kickback fees and fines, interest, attorney's fees and costs and all other allowed forms of relief as provided by 29 U.S.C. § 216(b);

(d) Issue a judgment for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b);

(e)     Issue a judgment for $10,000 against Defendant for $10,000 for two violations of 26 U.S.C. § 7434, which is the minimum amount of liability under that section, in addition to attorney's fees and costs of litigation under that section; and

(f)     For such other and further relief as is just and equitable.

This 10th day of September 2014.

                                                    Respectfully submitted,

                                                    SMITH COLLINS, LLC

                                                    *Matthew W. Herrington*

| | |
|---|---|
| 8565 Dunwoody Place | W. Anthony Collins, Jr. |
| Building 15, Suite B | Ga. Bar No. 141712 |
| Atlanta, GA 30350 | *anthony@smithcollinsllc.com* |
| P: (404) 806-7180 | Matthew W. Herrington |
| F: (404) 437-6265 | Ga. Bar No. 275411 |
| | *matthew@smithcollinsllc.com* |
| | |
| | *Attorneys for Plaintiff* |