IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASHAUN Y. CARTER, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No. |
| ) | 1:14-CV-02812-WBH |
| GALARDI SOUTH ENTERPRISES, ) | |
| INC. d/b/a Onyx, a corporation, et al. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT GALARDI SOUTH ENTERPRISES, INC.'S
BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNT II OF
PLAINTIFF'S (AMENDED) COMPLAINT
PURSUANT TO FED.R.CIV.P. 12(b)(6)**

COMES NOW Defendant Galardi South Enterprises, Inc. ("Defendant" or "GSE"), Defendant in the above-captioned action, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Brief in Support of Its Motion to Dismiss Count II of Plaintiff's (Amended) Complaint [Doc. 16] for the alleged violation of the overtime wage provision of the Fair Labor Standards Act.

## SUMMARY OF ARGUMENT

Count II of Plaintiff's (Amended) Complaint, which alleges violations of the overtime wage provision of the Fair Labor Standards Act, 29 U.S.C. § 207, must be dismissed because Plaintiff fails to allege in her Amended Complaint that she

ever worked any overtime hours for any Defendant, and therefore, has failed to state a claim upon which relief may be granted.

## PROCEDURAL BACKGROUND

Plaintiff is an exotic dancer who, on August 1, 2014, filed her original Complaint in the Superior Court of Fulton County, Georgia, asserting claims for relief under the Fair Labor Standards Act ("FLSA") against GSE. On September 2, 2014, GSE filed its Notice of Removal in this Court, and filed its Answer and Defenses on September 9, 2014. [Doc. 1, 2]. On September 10, 2014, Plaintiff filed a Motion for Leave to Amend to Add Parties. [Doc. 4]. The Court granted Plaintiff's Motion for Leave on March 31, 2015. [Doc. 15]. The only issue in this Motion is whether Count II of Plaintiff's (Amended) Complaint must be dismissed for failure to state a claim upon which relief may be granted.

## ARGUMENT & CITATION OF AUTHORITIES

### A.  The Standard for Analyzing GSE's 12(b)(6) Motion to Dismiss.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Astral Health & Beauty, Inc. v. Aloette of Mid-Mississippi, Inc.*, 895 F.Supp.2d 1280, 1282 (N.D. Ga. 2012). In order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  In ruling on a motion to dismiss, the court must accept as true all of the well-pled factual allegations and construe the reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Astral Health & Beauty*, 895 F.Supp.2d at 1282 (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999)).  However, plaintiff's factual allegations must nonetheless raise a right to relief beyond a speculative level.  *Astral Health & Beauty*, 895 F.Supp.2d at 1282; *Twombly*, 550 U.S. at 570 ("The complaint, ultimately, is required to contain enough facts to state a claim to relief that is plausible on its face.") (internal citations omitted).

To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Brons v. U.S.*, 1:14-cv-00864-WSD, at *3 (N.D. Ga. Feb. 12 2015).  Plausibility requires more than a sheer possibility that a defendant has acted unlawfully and a complaint that alleges facts that are merely consistent with liability stops short of the line between possibility and plausibility of entitlement to relief.  *Id.*  "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'"  *Id.* (citing *Tropic Ocean Airways, Inc. v.*

*Floyd*, --- F. App'x ---, No. 14-12424, 2014 WL 7373625, at *1 (11th Cir. Dec. 30, 2014)).

Markedly absent from Plaintiff's (Amended) Complaint is any factual assertion that she worked more than forty hours in any given workweek during the statutory relevant period.  Plaintiff not only fails to provide any specific factual allegation regarding the number (or estimated number) of overtime hours Plaintiff claims to have worked, Plaintiff fails to make even the basic assertion that she ever worked more than forty hours in any given workweek. *Alonso v. Ocean CC, LLC*, No. 14-23869-CIV, 2015 WL 1549009, at *2 (S.D. Fla. Apr. 7, 2015) (granting motion to dismiss plaintiff's FLSA overtime claim due to plaintiff's failure to articulate the amount and extent of his unpaid overtime work and failure to identify any particular weeks in which he worked overtime); *Johnson v. The Gold Nugget, Inc.*, No. 5:11-cv-407-RS/CJK, 2012 WL 2609432, at *2 (N.D. Fla. July 5, 2012) (granting motion to dismiss for failure to state a claim upon which relief can be granted as to plaintiff's counts for failure to pay overtime hours because plaintiff failed to make any factual assertions to support the claims thus they were a "naked assertion which fails to comply with Fed.R.Civ.P. 8(a)(2)); *Pardue v. Specialty Eng'g Consultants, Inc.*, ---F.Supp.3d ---, 2015 WL 527707, at *2 (S.D. Fla. Feb. 10, 2015) (granting motion to dismiss amended complaint for FLSA violations due

to plaintiff's failure to alleged facts sufficient to satisfy the *Twombly* and *Iqbal* standards); *Perez v. Muab, Inc.*, No. 10-62441-CIV, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) (granting motion to dismiss plaintiff's complaint for FLSA violations because the mere recitation of the statutory language is insufficient to allege individual coverage under the FLSA); *Patterson v. WMW, Inc.*, No. 1:11-CV-3172-WDS-SSC, 2012 WL 3261290, at *2 (N.D. Ga. June 15, 2012) (dismissing plaintiff's claim for race discrimination under 42 U.S.C. § 1981 as the sole basis of her discrimination claim was sex).

In the absence of such a basic and fundamental factual allegation from the Amended Complaint, Count II is fatally flawed, and must be dismissed.  Count II of Plaintiff's Amended Complaint is legally insufficient due to Plaintiff's failure to plead factual content which would allow the Court to draw a reasonable inference that GSE is liable for alleged violations of the overtime wage provision of the FLSA.  However, by failing to even allege that she ever worked overtime hours for Defendant(s), Plaintiff has failed to state a claim for relief for overtime wages that is plausible on its face.

### B. <u>Conclusion.</u>

WHEREFORE, because Plaintiff has failed to state a claim upon which relief may be granted as to Count II of her Amended Complaint, GSE prays that

Count II of Plaintiff's Amended Complaint be dismissed with prejudice and that all costs be cast Plaintiff.

This 13th day of April, 2015.

                                                      */s/ Dean R. Fuchs*
                                                      Dean R. Fuchs
                                                      Georgia Bar No. 279179
                                                      *Counsel for Defendant*
                                                      *Galardi South Enterprises, Inc.*

Schulten Ward & Turner, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASHAUN Y. CARTER, an individual, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GALARDI SOUTH ENTERPRISES, )<br>INC. d/b/a Onyx, a corporation, et al. )<br>)<br>Defendant. )<br>_____) | Civil Action File No.<br>1:14-CV-02812-WBH |

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the above and foregoing **Defendant Galardi South Enterprises, Inc.'s Brief in Support of its Motion to Dismiss Count II of Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)** upon opposing counsel of record by email and by United States mail, postage prepaid, properly sealed and addressed to:

W. Anthony Collins, Jr.
Matthew W. Herrington
Smith Collins, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350

This 13th day of April, 2015.

*/s/ Dean R. Fuchs*
Dean R. Fuchs
Georgia Bar No. 279179

-8-

                                                *Counsel for Defendant*
                                                *Galardi South Enterprises, Inc.*

Schulten Ward & Turner, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)