## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **LASHAUN Y. CARTER, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action File No.** |
| | ) | **1:14-CV-02812-WBH** |
| **GALARDI SOUTH ENTERPRISES,** | ) | |
| **INC. d/b/a Onyx, a corporation, et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER AND DEFENSES OF GALARDI SOUTH ENTERPRISES, INC. TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW GALARDI SOUTH ENTERPRISES, INC. ("GSE"), improperly identified as "doing business as Onyx," and timely files its Answer and Defenses to Plaintiff's Amended Complaint [Doc. 16] in the above-styled civil action.

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim against this Defendant for which relief can be granted.

### SECOND DEFENSE

Defendant GSE neither operates nor does business as an adult night club known as "Onyx."

## THIRD DEFENSE

Defendant is not and has never been Plaintiff's "employer" as that term is defined by the Fair Labor Standards Act.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiff cannot establish that any act or omission on the part of the Defendant was willful under the Fair Labor Standards Act.

## SIXTH DEFENSE

Plaintiff's FLSA claims are barred because at all relevant times she was an exempt creative/artistic professional.

## SEVENTH DEFENSE

Plaintiff's claim for alleged fraudulent filing of tax information returns is barred because she lacks standing to assert such a claim.

## EIGHTH DEFENSE

Plaintiff's FLSA claims are barred on the ground that at all relevant times she is/was an exempt creative professional as defined by 29 U.S.C. §213(a)(1).

## NINTH DEFENSE

Responding to the specifically-numbered paragraphs of the Amended Complaint, Defendant shows as follows:

### THE PARTIES

1.  GSE lacks information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first and second sentences of Paragraph 1 of the Amended Complaint, which has the effect of a denial.  GSE admits only that it never paid Plaintiff wages of any kind, because Plaintiff never worked for or was employed by GSE.  GSE denies the remaining allegations in Paragraph 1 of the Amended Complaint.

2.  GSE admits only that it was formerly incorporated under the laws of the State of Georgia, and that it was previously served in this action.  GSE denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3.  GSE lacks information or knowledge sufficient to form a belief as to the truthfulness of the allegations in Paragraph 3 of the Amended Complaint, which has the effect of a denial.

4.  GSE lacks information or knowledge sufficient to form a belief as to the truthfulness of the allegations in Paragraph 4 of the Amended Complaint, which has the effect of a denial.

5. GSE admits only that Defendant Teri Galardi is an individual.  GSE lacks information or knowledge sufficient to form a belief as to the truthfulness of the remaining allegations in Paragraph 5 of the Amended Complaint, which has the effect of a denial.

## JURISDICTION AND VENUE

6. GSE admits only that the Court has subject matter jurisdiction over this civil action.  GSE further admits that Plaintiff does not appear to have asserted any cause of action which is subject to any collective bargaining agreement. GSE denies the remaining allegations in Paragraph 6 of the Amended Complaint.

7. GSE admits only that it is subject to the personal jurisdiction of this Court. GSE lacks information or knowledge sufficient to form a belief as to the truthfulness of the remaining allegations in Paragraph 7 of the Amended Complaint, which has the effect of a denial.

8. GSE admits only that venue is proper in this judicial district as to it.  GSE denies the remaining allegations in Paragraph 8 of the Amended Complaint.

## FACTUAL ALLEGATIONS

9. GSE denies it operates or does business as Onyx. GSE denies it provides alcoholic beverages and various types of entertainment to customers.  GSE lacks information or knowledge sufficient to form a belief as to the

truthfulness of the remaining allegations in Paragraph 9 of the Amended Complaint, which has the effect of a denial.

10. GSE denies the allegations in Paragraph 10 of the Amended Complaint.

11. GSE denies the allegations in Paragraph 11 of the Amended Complaint, including all subparts.

12. GSE admits only that it did not pay Plaintiff any wages because it never employed Plaintiff and, therefore, GSE was not legally obligated to pay her any wages. GSE denies the remaining allegations in Paragraph 12 of the Amended Complaint.

13. The first sentence of Paragraph 8 of the Amended Complaint contains a legal conclusion and makes no allegation against GSE, with the result that no answer of GSE is required. To the extent a response is required, it is denied. GSE denies the remaining allegations in Paragraph 13 of the Amended Complaint.

## COUNT I

## ALLEGED MINIMUM WAGE VIOLATIONS
## PURSUANT TO 29 U.S.C. § 206

14. GSE restates its responses to the allegations in Paragraphs 1-13 of the Amended Complaint as if fully set forth.

15. GSE admits only that it did not pay Plaintiff any wages because it never employed Plaintiff and, therefore, was not legally obligated to pay her any

wages.  GSE lacks information or knowledge sufficient to form a belief as to the truthfulness of the remaining allegations in Paragraph 15 of the Amended Complaint.

16. GSE denies the allegations in Paragraph 16 of the Amended Complaint.

17. GSE denies the allegations in Paragraph 17 of the Amended Complaint.

18. GSE admits only that it did not provide Plaintiff notice that it intended to utilize the FLSA's tip-credit provision because it never employed Plaintiff, and therefore, it was not legally obligated to notify Plaintiff about the FLSA's tip-credit provision.  GSE denies the remaining allegations in Paragraph 18 of the Amended Complaint, including without limitation the allegation that it required Plaintiff to surrender large fees to it for every shift she worked.

19. GSE lacks information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence Paragraph 19 of the Amended Complaint, which has the effect of a denial.  GSE denies the remaining allegations in Paragraph 19 of the Amended Complaint.

20. GSE denies the allegations in Paragraph 20 of the Amended Complaint.

## COUNT II
## VIOLATION OF THE OVERTIME
## WAGE PROVISIONS OF 29 U.S.C. § 207

21. GSE restates its responses to the allegations in Paragraphs 1-20 of the Amended Complaint as if fully set forth.

22. GSE denies the allegations in Paragraph 22 of the Amended Complaint.

23. GSE denies the allegations in Paragraph 23 of the Amended Complaint.

24. GSE admits only it that it did not pay Plaintiff any wages because it never employed Plaintiff and, therefore, it was not legally obligated to pay her any wages. GSE denies the remaining allegations in Paragraph 24 of the Amended Complaint.

## COUNT III

## FRAUDULENT FILING OF TAX INFORMATION RETURNS
## PURSUANT TO 26 U.S.C. § 7434

25. GSE restates its responses to the allegations in Paragraphs 1-24 of the Complaint as if fully set forth.

26. GSE denies the allegations in Paragraph 26 of the Amended Complaint.

27. GSE denies the allegations in Paragraph 27 of the Amended Complaint.

28. GSE denies the allegations in Paragraph 28 of the Amended Complaint.

29. GSE denies the allegations in Paragraph 29 of the Amended Complaint.

30. GSE denies all other allegations in the Amended Complaint not specifically admitted herein.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant GSE prays that it be dismissed with prejudice and that all costs be taxed on the Plaintiff.

Respectfully submitted this 13th day of April, 2015.

**DEFENDANT DEMANDS A TRIAL BY JURY**

> /s/ Dean R. Fuchs
> Dean R. Fuchs
> Georgia Bar No. 279179
> *Counsel for Defendant*
> *Galardi South Enterprises, Inc.*

Schulten Ward & Turner, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **LASHAUN Y. CARTER, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action File No.** |
| ) | **1:14-CV-02812-WBH** |
| **GALARDI SOUTH ENTERPRISES,** ) | |
| **INC. d/b/a Onyx, a corporation, et al.** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the above and foregoing **ANSWER AND DEFENSES OF GALARDI SOUTH ENTERPRISES, INC. TO AMENDED COMPLAINT** upon opposing counsel of record by email and by United States mail, postage prepaid, properly sealed and addressed to:

> W. Anthony Collins, Jr.
> Matthew W. Herrington
> Smith Collins, LLC
> 8565 Dunwoody Place
> Building 15, Suite B
> Atlanta, GA 30350

This 13th day of April, 2015.

> */s/ Dean R. Fuchs*
> Dean R. Fuchs
> Georgia Bar No. 279179
> *Counsel for Defendant*
> *Galardi South Enterprises, Inc.*

Schulten Ward & Turner, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)