IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASHAUN Y. CARTER, an individual,<br><br>    Plaintiff,<br><br> vs.<br><br>GALARDI SOUTH ENTERPRISES, INC. d/b/a Onyx; GALARDI SOUTH ENTERPRISES CONSULTING, INC. d/b/a/ Onyx; PONY TAIL, INC. d/b/a/ Onyx; and TERI GALARDI, an individual,<br><br>    Defendants. | Civil Action No. 1:14-cv-02812-WBH |

### RESPONSE IN OPPOSITION TO DEFENDANT GALARDI SOUTH ENTERPRISES, INC.'S MOTION TO DISMISS COUNT II

NOW COMES Plaintiff Lashaun Y. Carter, by and through counsel, and responds in opposition to Defendant Galardi South Enterprises, Inc.'s Motion to Dismiss Count II, respectfully showing the Court as follows:

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

Lashaun Y. Carter (hereinafter "Plaintiff") was employed as an exotic dancer at Onyx from approximately late July 2011 through May 2012. Onyx is an adult entertainment club owned and operated by Defendant Galardi South

1

Enterprises, Inc., Galardi South Enterprises Consulting, Inc., Pony Tail, Inc., and Teri Galardi (hereinafter referred to collectively as "Defendants"). For the entire ten (10) months that Plaintiff was employed, Defendants never paid any wage, of any kind, to Plaintiff. She was never paid a minimum wage, nor was she paid an overtime wage for hours she worked in excess of forty (40) per week. Because Defendants failed to pay Plaintiff, on August 1, 2014, Plaintiff sued Defendants alleging violations of §§ 206 and 207 of the Fair Labor Standards Act ("FLSA").

In Plaintiff's Complaint, Plaintiff alleged the following:[1]

1. That she worked for Defendants from July 2011 through May 2012;

2. That she was never paid any wage of any kind;

3. That she was required to pay out of pocket to work for Defendants;

4. That Defendants have recklessly and maliciously failed to pay her any wages at all, including minimum wage or overtime wages as required by 29 U.S.C. § 201 et. seq.;

5. That pursuant to 29 U.S.C. § 207, Plaintiff is entitled to be compensated at one-and-one half times the minimum wage for each and every hour worked over forty (40) hours in any given workweek; and

---

[1] Although Plaintiff's Complaint contained numerous allegations and facts, because overtime is the only relevant inquiry in this Motion to Dismiss, only the facts relevant to the overtime allegation will be addressed.

6. That Defendant have paid no wages at all, much less required overtime wages.

On April 13, 2015, Defendant Galardi South Enterprises, Inc. (hereinafter "GSE") filed a Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). In GSE's Motion, GSE claims that Plaintiff has failed to allege that she worked any overtime hours. GSE specifically argues that Plaintiff failed to estimate the number of overtime hours that Plaintiff worked even though that number is clearly an issue for discovery. The following Argument & Citation to Authorities demonstrates why GSE's Motion to Dismiss is not timely and why, if its Motion to Dismiss is timely, GSE's argument is without merit.

## ARGUMENT & CITATION TO AUTHORITIES

A. GSE's Motion to Dismiss was not timely filed.

Under the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim for which relief can be granted must be filed before the responsive pleading. Fed. R. Civ. Pro. 12(b)(6). In this case, Defendant GSE filed its answer on September 9, 2014. Although Plaintiff amended her complaint on March 31, 2015, GSE's motion is not timely because the overtime claims—which Defendant

GSE now seeks to dismiss—were not amended at all and have already been answered by GSE.

B. Under the straightforward pleading requirements, Plaintiff's complaint is sufficient as a matter of law.

Under the Federal Rules of Civil Procedure, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Wakeley v. Useppa Inn & Dock Co., Case No: 2:13-cv-469-FTM-29DNF, 2014 U.S. Dist. LEXIS 63057, at *1 (M.D. Fla. May 7, 2014). Although the allegations "must be enough to raise a right to relief above the speculative level," a complaint "does not need detailed factual allegations." Sec'y of Labor v. Labbe, 319 Fed. Appx. 761, 763 (11th Cir. 2008). When deciding a motion to dismiss, the court "must accept the allegations in the complaint as true" and all allegations must be construed in the light most favorable to the plaintiff. Id.

Importantly, "the requirements to state a claim of a FLSA violation are quite straightforward" and "there is no need to prove intent or causation that might require more extensive pleading." Id. "Instead of a complex scheme, 'the elements that must be shown are simply a failure to pay overtime compensation . . . in accordance with the [FLSA].'" Houston v. JT Private Duty Home Care, LLC, Case No: 2:14-cv-245-FTM-38DNF, 2014 U.S. Dist. LEXIST 137255, at *10-11 (M.D. Fla. Sept. 29, 2014); Anish v. Nat'l Sec. Corp., Case No. 10-80330-civ-

4

MARRA/JOHNSON, 2010 U.S. Dist. LEXIS 109939, at *5 (S.D. Fla. Oct. 15, 2010). Nothing more. To the extent that any defendant seeks an employee's estimate of hours or wages, "discovery can provide [that defendant] with such data and the lack of this information is not grounds for dismissal at this stage." Anish, 2010 U.S. Dist. LEXIS 109939, at *6.

Plaintiff's allegations that she is entitled to be compensated at one and one half times the minimum wage for each and every hour worked over forty hours in any given workweek and that Defendant has paid her no wages at all, much less required overtime wages, is sufficient to satisfy the straightforward pleading standard. No need exists for Plaintiff to articulate how many hours she worked. The following cases are instructive.

In Houston, a defendant employer moved to dismiss an employee's complaint claiming that the complaint did not plausibly allege that the employee worked overtime without compensation under the FLSA. 2014 U.S. Dist. LEXIS 137255 at *9. The defendant employer argued that the pleading requirements were not satisfied because the employee did not estimate the number of hours that she worked. In determining that the defendant employer's argument was without merit, the court emphasized that the defendant employer "understands exactly the claim that is being brought against it." Id. at *10. The court held that "where a 'complaint

alleges that since [a certain date], [the defendant] repeatedly violated stated provisions of the FLSA by failing . . . to compensate employees who worked in excess of forty hours a week at the appropriate rates' the requisite pleading standard is satisfied." Id. at *11. The court also recognized that no requirement exists that a plaintiff explicitly state the amount of damage, but only that the plaintiff worked in excess of forty hours a week and was not paid overtime wages. Id. at *12. The court further noted that "[w]hile these allegations are not overly detailed, [the Eleventh Circuit] find[s] that a claim for relief for failure . . . to provide overtime compensation . . . under FLSA does not require more." Id.

Johnson v. TitleMax of Alabama, Inc, also provides guidance. Case No. 3:13-cv-306-WKW, 2013 U.S. Dist. LEXIS 160379, at *1 (M.D. Ala. Nov. 7, 2013). In Johnson, an employee brought a claim against her employer alleging various violations of the FLSA, including violations of the overtime provisions. Id. The defendant employer argued that the plaintiff did not satisfy the pleading requirements. Id. at 7. The court determined that the requirements to state a claim for a FLSA violation are quite straightforward, and the complaint need only allege the following: (1) the hours for which the defendant employer did not compensate the plaintiff; (2) the amount of pay the plaintiff contends he should have received for those unpaid hours; and (3) the time frame of the FLSA violations. Id.

Ultimately, the court held that the first element was satisfied because the plaintiff alleged that he was not compensated for "hours worked in excess of forty hours a week." Id. The plaintiff never specifically stated how many hours over forty (40) that he worked or that he ever worked over forty (40) hours in a given workweek. The second element was also satisfied because the employee alleged that he should have been paid time and a half for the unpaid hours. Id. And finally, the third element was satisfied because the employee stated that he worked from March 2012 to March 2013. Id. at *8.[2]

In this case, Defendant GSE understands exactly the claim that is being brought against it. Plaintiff's Complaint in this case is almost identical to the employee's complaint in Johnson. Just like the employee in Johnson who satisfied the straightforward elements, Plaintiff satisfies all the elements here. Plaintiff satisfied the first element because, just like the employee in Johnson, Plaintiff

---

[2] Dobbins v. Scriptfleet, Inc. is another almost identical case. Case No. 8:11-cv-1923-T-24-AEP, 2012 U.S. Dist. LEXIS 23141 (M.D. Fla. Feb. 23, 2012). In Dobbins, a defendant employer alleged that an employee did not allege sufficient facts to state a claim for unpaid overtime wages. Id. at *8. The employee only alleged that she is owed overtime wages and the court found that allegation sufficient. Id. The court reiterated that discovery is the appropriate method method by which it should seek any additional information to prepare its defense. Id. The Wakeley court determined the same thing when it held that an employee's complaint was sufficient when it only stated that the employer failed to pay overtime compensation with no mention of hours worked. 2014 U.S. Dist. LEXIS 63057, at *4.

alleged that she should have been, but was never, compensated for each and every hour worked over forty (40) hours in any given workweek. Plaintiff articulated the second element almost exactly like the Johnson plaintiff. The second element was satisfied because Plaintiff maintains that she is entitled to be compensated at one and one half times the minimum wage. And finally, Plaintiff satisfied the third element by stating the time frame of the FLSA violations as late July 2011 through mid-May 2012.

Many of the cases cited by Defendant are not even instructive as to what must be pled for a FLSA overtime claim. For example, in one case, the defendant employer only argued that the employee did not plead facts that showed that the employer was engaged in interstate commerce. Pardue v. Specialty Eng'g Consultants, Inc., Case No. 14-81143-civ-MARRA/MATTHEWMAN, 2015 U.S. Dist. LEXIS 15839, at *4 (S.D. Fla. Feb. 10, 2015). In Perez v. Muab, Inc., the only issue analyzed was whether the employee pled sufficient facts to show that the defendant was engaged in interstate commerce. No. 10-62441-civ-COHN/Seltzer, 2011 U.S. Dist. LEXIS 22275, at *3 (S.D. Fla. Mar. 7, 2011). Again, overtime was never analyzed. Patterson v. WMW, Inc. is even more off the mark as it is a sex discrimination case. 1:11-CV-3172-WSD-SSC, 2012 U.S. Dist. LEXIS 116034 (N.D. Ga. June 15, 2012).

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court DENY Defendant's Motion to Dismiss Count II, or in the alternative, grant Plaintiff leave to file an amended complaint.

This 27th day of April 2015.

Respectfully submitted,

SMITH, COLLINS & FLETCHER, P.A.

8565 Dunwoody Place
Building 15 Suite B
Atlanta, GA 30350
Phone: (678) 245-6785
Fax: (888) 413-3031
*Anthony@SCandF.com*

*/s/ W. Anthony Collins, Jr.*
W. Anthony Collins, Jr.
Georgia Bar No. 141712

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASHAUN Y. CARTER, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GALARDI SOUTH ENTERPRISES, INC. d/b/a Onyx; GALARDI SOUTH ENTERPRISES CONSULTING, INC. d/b/a/ Onyx; PONY TAIL, INC. d/b/a/ Onyx; and TERI GALARDI, an individual,<br><br>　　　　　Defendants. | Civil Action No. 1:14-cv-02812-WBH |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I filed the foregoing document in the Court's electronic case filing system, thereby ensuring service upon the following counsel of record:

> Dean R. Fuchs
> Schulten Ward & Turner LLP
> 260 Peachtree Street, Suite 2700
> Atlanta, Georgia 30303

Dated: April 27, 2015.

*/s/ W. Anthony Collins, Jr.*
W. Anthony Collins, Jr.
Georgia Bar No. 141712
