IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASHAUN Y. CARTER, an individual,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>GALARDI SOUTH ENTERPRISES,  )<br>INC. d/b/a Onyx, a corporation, et al.  )<br>)<br>Defendant.  )<br>_____)  | Civil Action File No.<br>1:14-CV-02812-WBH |

**REPLY BRIEF IN SUPPORT OF DEFENDANT GALARDI SOUTH
ENTERPRISES, INC.'S MOTION TO DISMISS COUNT II OF
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

COMES NOW GALARDI SOUTH ENTERPRISES, INC. ("GSE" or "Defendant"), improperly identified as "doing business as Onyx," by and through its undersigned counsel, files this Reply Brief in Support of its Motion to Dismiss Count II of Plaintiff's (Amended) Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), showing this Honorable Court as follows:

On April 13, 2015, Defendant filed its Motion to Dismiss Count II of Plaintiff's (Amended) Complaint, contending that because Plaintiff had failed to allege that she ever worked more than forty (40) hours during any week, her claim for overtime compensation under the Fair Labor Standards Act ("FLSA") should be dismissed for failure to state a claim. [Doc. 18] ("Defendant's Motion"). On

April 27, 2015, Plaintiff timely filed a Response in Opposition to Defendant's Motion [Doc. 21] ("Plaintiff's Response"), in which Plaintiff incorrectly contends that Defendant's Motion is untimely, and that the liberal pleading standards do not require her to estimate the precise number of overtime hours at the pleading stage of litigation. As is shown more fully below, Plaintiff's contentions lack merit and Defendant's Motion should be granted.

## I. DEFENDANT'S MOTION WAS TIMELY FILED

Citing Fed. R. Civ. Pro. 12(b)(6), Plaintiff claims that "[u]nder the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim for which relief can be granted must be filed before the responsive pleading." See Plaintiff's Response at 3. Contrary to Plaintiff's contention, Rule 12(b)(6) makes no mention of when such a motion must be filed, and states only that that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … (6) failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

Rule 12(h)(2), in turn, provides that the failure to state a claim upon which relief can be granted may be raised in any of the following manners:

(A) in any pleading allowed or ordered under Rule 7(a);
(B) by a motion under Rule 12(c); or
(C) at trial.

See Fed. R. Civ. P. 12(h)(2). The fact that the failure to state a claim can be raised as late as *trial*[1] completely eviscerates any argument that such defense must be raised prior to the filing of a responsive pleading. Contra Plaintiff's Response at 3.

In this case, Defendant filed its original Answer to Plaintiff's Complaint on September 9, 2014. [Doc. 2.] The very first affirmative defense in that Answer states that "Plaintiff's Complaint fails to state a claim against Defendant for which relief can be granted." Id. at 1. Defendant subsequently filed an Answer to Plaintiff's Amended Complaint on April 13, 2015. [Doc. 19.] The very first affirmative defense asserted in that Answer is as follows: "Plaintiff's Amended Complaint fails to state a claim against this Defendant for which relief can be granted." [Doc. 19 at 1]. Therefore, GSE timely asserted that Plaintiff failed to state a claim upon which relief can be granted in *two* timely pleadings allowed by Rule 7(a). Therefore, Plaintiff's argument that GSE has waived, or has otherwise untimely asserted, its position that Plaintiff has failed to state a claim upon which relief can be granted is completely contrary to the plain text of Fed. R. Civ. P. 12.

## II. PLAINTIFF'S FAILURE TO ALLEGE THAT SHE EVER WORKED MORE THAN 40 HOURS IN ANY WEEK IS FATAL TO HER CLAIM FOR OVERTIME COMPENSATION

The only allegation Plaintiff has made in her Amended Complaint with regard to overtime compensation is that "[p]ursuant to 29 U.S.C. § 207, Carter is

---

[1] See Fed. R. Civ. P. 12(h)(2)(C).

entitled to be compensated at one and one half times the minimum wage for each and every hour worked over forty hours in any given workweek." (See Doc. 16 at 11; ¶ 22). This, however, is nothing more than a statement about what 29 U.S.C. § 207 *says*. This statement says nothing about what the Parties to this case *did (or did not do)*. Most importantly, it does not allege that Plaintiff ever worked a single hour over 40 hours in any workweek. "[E]ach and every hour worked over forty hours in any given workweek" could well be zero hours. In fact, no allegation that Plaintiff ever worked a single overtime hour appears anywhere in *either* of Plaintiff's Complaints filed in this case. See generally Doc. 1; Doc. 16.

The key issue presented in this Motion is whether Plaintiff's Complaint, as amended, must contain an allegation that she worked more than 40 hours in a workweek in order to state a claim for violation of the FLSA's overtime compensation provisions. The overwhelming weight of authority requires such an allegation. The First,[2] Second,[3] Third,[4] Fourth,[5] and Ninth[6] Circuits all require that

---

[2] Pruell v. Caritas Christi, 678 F.3d 10, 14-15 (1st Cir. 2012) (holding that plaintiffs' allegation that they regularly worked through their lunch breaks but that their computer tracking system automatically deducted a half hour for lunch, and that plaintiffs "regularly" worked more than 40 hours a week only "described a mechanism by which the FLSA *may have been violated* as to those who worked through their lunches.") (permitting plaintiffs to file an amended complaint with greater specificity).

[3] Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013) (holding that "to survive a motion to dismiss [an FLSA overtime claim], Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours."); see also Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89 (2d Cir. 2013) (holding that plaintiff's allegation that in "some or all weeks" she worked more than "forty hours" a week without being paid "1.5" times her rate of compensation was

a plaintiff *at least* allege that he or she worked more than 40 hours in at least one workweek in order to state a claim for violations of the FLSA's overtime compensation requirements.[7]

Consistent with these holdings, District Courts within this Circuit have held that "[t]o establish a prima facie case for FLSA violations, a plaintiff must show three basic requirements: (1) an employment relationship, (2) that the employer

---

insufficient to state a claim for violations of FLSA's overtime compensation provisions, because "[w]hatever the precise level of specificity that was required of the complaint, Dejesus at least was required to do more than repeat the language of the statute."), cert. denied, 134 S. Ct. 918, 187 L. Ed. 2d 781 (2014).

[4] Davis v. Abington Mem'l Hosp., 765 F.3d 236, 242 (3d Cir. 2014) (following Second Circuit holding that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege forty hours of work in a *given* workweek *as well as* some uncompensated time in excess of the forty hours.") (emphasis in original; internal punctuation omitted).

[5] Simmons v. United Mortgage & Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011) ("The broad allegation that the Defendants routinely required Named Plaintiff Delana Pruitt to work in excess of forty hours per week from June 2006 to February 2007, is insufficient to raise the inference above the speculative level that she always, and therefore, actually worked more than forty hours per week during any week in January 2007 [the relevant time period for the plaintiff's claim for overtime compensation under state wage and hour law].") (dismissing plaintiff's claim under state wage and hour law for failure to state a claim).

[6] Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 644-45 (9th Cir. 2014), as amended (Jan. 26, 2015) (holding that "in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek."), cert. denied, 14-969, 2015 WL 569003 (U.S. Apr. 20, 2015).

[7] Defendant acknowledges the existence of a split among the Circuit Courts referenced above as to whether a plaintiff must estimate the number of hours worked in excess of forty within any given workweek, or whether it is sufficient to simply allege that a plaintiff has worked in excess of forty hours in any workweek. That issue is not material to the instant Motion before this Court, because Plaintiffs' Complaints in this case fail either test: Plaintiff makes no estimate of the number of hours she worked, and makes no allegation that she ever worked more than 40 hours in any workweek.

engaged in interstate commerce, and (3) ***that the employee worked over forty hours a week but was not paid overtime wages.***" Maldonado v. Mattress Firm, Inc., 8:13-CV-292-T-33AEP, 2013 WL 2407086 (M.D. Fla. June 3, 2013) (emphasis added); Ramos v. Aventura Limousine & Transp. Serv., Inc., 12-21693-CIV, 2012 WL 3834962, at *2 (S.D. Fla. Sept. 4, 2012) (same; holding that "[t]here is no requirement that the Plaintiff explicitly state the amount of damage, ***but only that the Plaintiff worked in excess of forty hours a week*** and was not paid overtime wages.") (emphasis added).

Plaintiff's reliance on Anish v. Nat'l Sec. Corp. 10-80330-CIV-MARRA, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010) for the proposition that an allegation of work in excess of forty hours in a workweek is not required is misplaced, because the complaint in that case specifically "allege[d] that ***Plaintiff worked more than forty hours per week*** and was not compensated overtime pay or minimum wages." Id. (emphasis added). Because that key allegation was present in the plaintiff's complaint in Anish, but missing from the Plaintiff's Complaint at issue here, the Anish Court's holding that the plaintiff adequately pled an FLSA overtime claim has no bearing on the issue before this Court.[8]

---

[8] For the same reason, Plaintiff's reliance on the following cases is equally unavailing: Houston v. JT Private Duty Home Care, LLC, 2:14-CV-245-FTM-38, 2014 WL 4854528, at *4 (M.D. Fla. Sept. 29, 2014) ("In her Amended Complaint, Plaintiff alleges that she … ***worked in excess of forty hours per week*** for Defendant[.]") (emphasis added); Johnson v. Titlemax of Alabama, Inc., 3:13-CV-306-WKW, 2013 WL 5954393, at *3 (M.D. Ala. Nov. 7, 2013) (holding that the plaintiff's proposed amended complaint would not be futile where it adequately identified "the

Additionally, Plaintiff's reliance on Dobbins v. Scriptfleet, Inc., 8:11-CV-1923-T-24, 2012 WL 601145, at *3-4 (M.D. Fla. Feb. 23, 2012) is misplaced because that case did not address the issue of whether Plaintiff must allege work in excess of 40 hours in a given workweek, but focused instead on whether a *higher* level of specificity should be required. In Dobbins, the defendant's motion to dismiss contended, *inter alia*, that the plaintiff failed to allege sufficient facts to state a claim for unpaid overtime wages because the plaintiff should have alleged facts related to "what hourly wage a plaintiff was paid, an estimate of how many hours a plaintiff worked for which she was not compensated, and whether an employer had actual or constructive knowledge of the alleged uncompensated overtime." Id. Defendant in this case does not advocate such a high pleading burden, but simply request that Plaintiff be required to at least allege that she worked overtime before allowing her to sue for overtime wages. As such, the District Court's decision not to adopt a standard higher than that advocated by the Defendant here should not bear on its assessment of the present Motion.

Defendant agrees with Plaintiff's general contention that "the requirements to state a claim of a FLSA violation are quite straightforward" and that "there is no

---

hours for which Defendant did not compensate Plaintiff (**hours worked in excess of forty hours a week**[.])") (emphasis added); and Sec'y of Labor v. Labbe, 319 Fed. Appx. 761, 763 (11th Cir. 2008) ("The complaint alleges that since June 16, 2002, Labbe repeatedly violated stated provisions of the FLSA by failing to pay covered employees minimum hourly wages and to compensate employees **who worked in excess of forty hours a week** at the appropriate rates.") (emphasis added).

need to prove intent or causation that might require more extensive pleading." (Cf. Doc. 21 at 4). However, it simply does not follow from that broad premise that Plaintiff can state a claim for overtime compensation without even alleging that she *ever* worked overtime. Defendant respectfully submits that requiring the Plaintiff to allege that she actually worked more than 40 hours in at least one workweek is the only sensible rule, because holding otherwise would permit hopeless claims to advance upon mere recitation of the elements of a claim, contravening the United States Supreme Court's manifest intent in the decisions of Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). The overwhelming weight of authority supports this result, and Plaintiff cites no authority which binds this Court to a contrary result.

### III. CONCLUSION

Plaintiff's contention that Defendant's Motion to Dismiss was untimely filed is facially contrary to the plain language of Fed. R. Civ. P. 12. A defendant may raise the plaintiff's failure to state a claim in any pleading, and may even assert

such defense at trial. In this case, Defendant raised this defense in *two* allowed pleadings. Defendant's Motion is therefore timely.

Plaintiff has filed not one, but two Complaints in this case seeking payment for overtime wages pursuant to the FLSA. However, neither of Plaintiff's Complaints has made the key allegation that she ever worked a single hour of overtime. This fundamental failure to plead the basic element should be fatal to her claim for overtime compensation.

For all of these reasons, Defendant respectfully requests that this Honorable Court GRANT its Motion to Dismiss Count II of Plaintiff's (Amended) Complaint Pursuant to Fed. R. Civ. 12(b)(6).

Respectfully submitted, this 5th day of May, 2015.

                                                        */s/ Dean R. Fuchs*
                                                       Dean R. Fuchs
                                                       Georgia Bar No. 279179
                                                       *Counsel for Defendant*
                                                       *Galardi South Enterprises, Inc.*

Schulten Ward & Turner, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the above and foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT GALARDI SOUTH ENTERPRISES, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM** upon opposing counsel of record by CM/ECF, which will automatically email a copy of the aforementioned documents by e-mail to:

> W. Anthony Collins, Jr.
> Smith Collins, LLC
> 8565 Dunwoody Place
> Building 15, Suite B
> Atlanta, GA 30350

Respectfully submitted, this 5th day of May, 2015.

> */s/ Dean R. Fuchs*
> Dean R. Fuchs
> Georgia Bar No. 279179
> *Counsel for Defendant*
> *Galardi South Enterprises, Inc.*

Schulten Ward & Turner, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)