IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASHAUN Y. CARTER, an individual, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No. |
| ) | 1:14-CV-02812-WBH |
| GALARDI SOUTH ENTERPRISES, ) | |
| INC. d/b/a Onyx, a corporation, et al. ) | |
| ) | |
|     Defendant. ) | |
| ) | |

### DEFENDANT GALARDI SOUTH ENTERPRISES, INC.'S MOTION TO ENFORCE SETTLEMENT AND BRIEF IN SUPPORT THEREOF

COMES NOW Defendant Galardi South Enterprises, Inc. ("Defendant" or "GSE"), Defendant in the above-captioned action, and pursuant to Fed. R. Civ. P. 12(b)(6), files its Motion to Enforce Settlement and Brief in Support Thereof, showing this Honorable Court as follows:

In support of its Motion, GSE relies upon the Declaration of Attorney Anthony Collins, former lead counsel for Plaintiff ("Collins Declaration," attached hereto as **EXHIBIT A**); and the Declaration of Attorney Dean R. Fuchs, lead counsel for Defendant ("Fuchs Declaration," attached hereto as **EXHIBIT B**). As shown in the attached Declarations, the Parties to this case have, through their respective attorneys, entered into a binding settlement agreement.

1

## I.     Introduction

The record in this case demonstrates the following timeline of relevant events:

On April 22, 2015, Dean R. Fuchs ("Mr. Fuchs"), in his capacity as counsel of record for the Defendant, conveyed an offer to Anthony Collins ("Mr. Collins"), in his capacity as counsel of record for the Plaintiff, to settle this civil action in exchange for Defendant's payment of $8,000. (See Fuchs Declaration, ¶ 3). On May 5, 2015, at approximately 3:47 p.m., Mr. Fuchs followed up with Mr. Collins via email, and asked whether the Plaintiff had made any decision about the Defendant's settlement offer. (See Fuchs Declaration, ¶ 4, and Exhibit "1" thereto). Later that same afternoon, Mr. Collins telephoned Mr. Fuchs, and rejected the Defendant's offer $8,000, but made a counteroffer to settle the case in exchange for the Defendant's payment of $10,500. (See Fuchs Declaration, ¶ 5; accord Collins Declaration at ¶ 3). Specifically, Mr. Collins informed Mr. Fuchs that the Plaintiff's demand represented $4,500 in back wages and $6,000 in attorneys' fees. (See Collins Declaration at ¶ 3).

On May 8, 2015, at approximately 4:01 p.m., attorney Matthew Herrington ("Mr. Herrington") left a voicemail and e-mail for Mr. Fuchs stating that he had been hired by the Plaintiff and that he would be replacing Mr. Collins. (See Fuchs

Declaration, ¶ 6). Mr. Herrington expressly rejected the Defendant's ($8,000) settlement offer (which had already been rejected by Mr. Collins), however, Mr. Herrington made no mention of the outstanding settlement demand made by Mr. Collins on May 5, 2015. (Id., ¶ 7). At approximately 4:52 p.m. that same afternoon, Mr. Herrington and attorney Charles Bridgers ("Mr. Bridgers") each entered appearances on behalf of the Plaintiff. (Id., ¶ 8; see also Docs. 23—24).

On May 12, 2015, at approximately 4:19 p.m., Mr. Fuchs sent an e-mail to Mr. Collins, with a copy to Mr. Herrington, accepting Mr. Collins' settlement demand of $10,500, stating in relevant part as follows:

> Anthony:
>
> On the afternoon of May 5, 2015, you called me to convey a settlement demand of $10,500 on behalf of your client LaShaun Carter, of which, $4,500 was for alleged back wages (including liquidated damages) and $6,000 was for attorney's fees.
>
> Today my client has authorized me to accept the above settlement demand in full and final satisfaction of Ms. Carter's claims against all Defendants in case number 1:14-CV-2812-WBH.
>
> Please let me know who you propose draft the settlement document, and whether we can inform the Court of the settlement, subject to the execution of a settlement and release agreement.

(See Fuchs Declaration, ¶ 9—10, and Exhibit "2" thereto). At that time, Mr. Collins remained counsel of record for the Plaintiff, and Plaintiff's settlement

demand had never been withdrawn, revoked or rescinded in any way. (See Fuchs Declaration, ¶¶ 9, 15).

At approximately 4:24 p.m. that same afternoon, Mr. Herrington responded to the above-quoted e-mail by denying that a valid settlement agreement was formed, stating in relevant part as follows:

> Just wanted to point out for the record that I rejected the outstanding settlement offer last Friday on behalf of Ms. Carter. I am her counsel of record. She has long since dismissed Anthony as her attorney.

(See Fuchs Declaration, ¶ 11, and Exhibit "3" thereto).

At approximately 8:34 a.m. the following morning, Mr. Fuchs responded to Mr. Herrington's e-mail as follows:

> Matthew:
>
> To be clear, what you rejected was Defendants' $8,000 settlement offer which was communicated to Ms. Carter's counsel immediately following her deposition. However, that settlement offer had already been rejected by Ms. Carter when Anthony, on May 5, made a counter-proposal to Defendants in the amount of $10,500, which my client has accepted. Ms. Carter's settlement demand was communicated to me with authority from Anthony before you were engaged, and before you entered an appearance in this matter. Anthony remains counsel of record, and at no time was the $10,500 demand ever withdrawn or rescinded.
>
> Regards,
>
> Dean

(See Fuchs Declaration, ¶ 12, and Exhibit "4" thereto).

4

To date, Mr. Herrington has not denied any of Mr. Fuchs' factual statements contained in that email, but has expressed disagreement only with Mr. Fuchs' conclusion that a settlement agreement had been reached. (<u>See</u> Fuchs Declaration, ¶ 13). Specifically, on May 14, 2015 at approximately 7:10 p.m., Mr. Herrington wrote to Mr. Fuchs, stating in relevant part:

> You've stated 3 times now that you consider Ms. Carter's case to be settled. We strongly disagree with that position and will she will not execute a settlement agreement.

(<u>See</u> Fuchs Declaration, ¶ 15, and Exhibit "5" thereto). Therefore, a ripe controversy exists as to whether the Parties have entered into a valid and binding settlement agreement.

## II.   <u>Argument and Citation of Authority</u>

### A. <u>Legal Standard</u>

The Eleventh Circuit applies state contract law in determining whether to enforce a settlement agreement. <u>Hayes v. Nat'l Serv. Indus.</u>, 196 F.3d 1252, 1253 (11th Cir. 1999) (holding that under Georgia law, plaintiff in employment discrimination case was bound by settlement agreement negotiated by her attorney, who expressly told defense counsel that he had authority to settle for $15,000). Under Georgia law, a party moving to enforce a settlement agreement "must show the court that the documents, affidavits, depositions and other evidence in the

5

record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [appellant's] case." DeRossett Enterprises, Inc. v. Gen. Elec. Capital Corp., 275 Ga. App. 728, 728, 621 S.E.2d 755, 756 (2005). A settlement agreement is a contract, and it "must meet the same requirements of formation and enforceability as other contracts. Only when a meeting of the minds exists will an agreement be formed." Id., 275 Ga. App. at 729. However, the law "favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced." Id.

A party's "attorney of record has apparent authority to enter into an agreement on behalf of his client[.]" Anderson v. Atlanta Indep. Sch. Syst., 321 Ga. App. 710, 712, 742 S.E.2d 524, 526 (2013). The scope of that authority "may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties." Id. Therefore, "from the perspective of the opposing party, in the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority." Id. Accordingly, where a party's attorney has entered into a settlement agreement with an opposing party, which the client did not approve, the client's

remedy is against her attorney, not against the opposing party. Stephens v. Alan V. Mock Const. Co., Inc., 302 Ga. App. 280, 285-86, 690 S.E.2d 225, 230-31 (2010).

In Stephens, the Court of Appeals affirmed the Superior Court's grant of an insurer's motion to enforce a settlement agreement against the insured, where the insured's attorney had negotiated a settlement on the insured's behalf, and had not communicated any limitations on his authority to the insurer's counsel. See id. Therefore, the insurer "was entitled to view the authority of the [insured's] counsel as plenary," the insured's "remedy [was] against her former counsel who allegedly overstepped the bounds of his agency, not against [the insurer]." Id.

### B. The Record Clearly Demonstrates that the Parties' Attorneys of Record Negotiated a Binding Settlement Agreement

In this case, the record is clear that Mr. Collins unambiguously demanded $10,500 to settle this case, and that Mr. Fuchs accepted that demand seven days later. These communications clearly show an offer and acceptance supported by consideration, which is all that Georgia law requires to form a valid settlement agreement. See Guthrie v. Dalton City Sch. Dist., 213 Ga. App. 849, 852, 446 S.E.2d 526, 529 (1994) ("There was an offer, acceptance, and consideration between plaintiff and the Dalton City Board of Education resulting in a binding

contract.").[1] Mr. Collins had apparent authority to make the offer of settlement, because there were no communicated limitations of his authority to settle the case at the time the demand was made. See Stephens, 302 Ga. App. at 285-86. Therefore, Mr. Fuchs and the Defendant were entitled to rely on Mr. Collins' authority being plenary. Anderson, 321 Ga. App. at 712. Therefore, Mr. Fuchs' acceptance of Mr. Collins' offer formed a valid and binding settlement agreement, which the Defendant is entitled to enforce.

### III. Conclusion

WHEREFORE for all of the reasons stated herein, this Honorable Court should GRANT Defendant's Motion to Enforce Settlement, and ORDER that the Plaintiff accept payment of $10,500 from the Defendant in full satisfaction of this civil action.

---

[1] Plaintiff's counsel has contended via e-mail that no settlement contract was formed because Mr. Herrington "rejected the outstanding settlement offer" shortly after being retained by the Plaintiff. However, Plaintiff cannot "reject" her own offer. The only offer Mr. Herrington rejected was the offer Mr. Fuchs had previously extended to Mr. Collins, which Mr. Collins had already rejected. (See Fuchs Declaration, ¶¶ 7, 12—14). While Plaintiff could certainly have *withdrawn* her offer prior to Defendants' acceptance, Plaintiff did not do so. To withdraw an offer, "there must be notification of the revocation by the offeror which is communicated to the offeree prior to acceptance by the latter." Greene v. Keener, 198 Ga. App. 565, 566, 402 S.E.2d 284, 285-86 (1991). In this case, neither Mr. Collins nor Mr. Herrington ever communicated a withdrawal or revocation of the offer extended by Mr. Collins to Mr. Fuchs on May 5, 2015. (See Fuchs Declaration, ¶ 15).

This 1st day of June, 2015.

                                        */s/ Dean R. Fuchs*
                                        Dean R. Fuchs
                                        Georgia Bar No. 279179
                                        Stephen W. Brown
                                        Georgia Bar No. 290672
                                        *Counsel for Defendant*
                                        *Galardi South Enterprises, Inc.*

Schulten Ward & Turner, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LASHAUN Y. CARTER, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No. |
| ) | 1:14-CV-02812-WBH |
| GALARDI SOUTH ENTERPRISES, ) | |
| INC. d/b/a Onyx, a corporation, et al. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **CERTIFICATE OF SERVICE**

I certify that I have this day served a true and correct copy of the above and foregoing **Defendant Galardi South Enterprises, Inc.'s Motion to Enforce Settlement Agreement** upon opposing counsel of record by email and by United States mail, postage prepaid, properly sealed and addressed to:

Charles R. Bridgers
Kevin D. Fitzpatrick, Jr.
Matthew W. Herrington
DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

This 1st day of June, 2015.

*/s/ Dean R. Fuchs*
Dean R. Fuchs
Georgia Bar No. 279179

*Counsel for Defendant Galardi South Enterprises Consulting, Inc.*

Schulten Ward & Turner, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)