IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASHAUN Y. CARTER, an individual, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>GALARDI SOUTH ENTERPRISES, )<br>INC. d/b/a Onyx, a corporation, et al. )<br>)<br>    Defendant. )<br>_____) | Civil Action File No.<br>1:14-CV-02812-WBH |

### ANSWER AND DEFENSES OF GALARDI SOUTH ENTERPRISES CONSULTING, INC. TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW GALARDI SOUTH ENTERPRISES CONSULTING, INC. ("GSEC"), improperly identified in the Complaint as "doing business as Onyx," and timely files its Answer and Defenses to Plaintiff's Amended Complaint [Doc. 16] in the above-styled civil action, and shows this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim against this Defendant for which relief can be granted.

### SECOND DEFENSE

Defendant GSECC neither operates nor does business as an adult night club known as "Onyx."

## THIRD DEFENSE

Defendant GSEC is not and has never been Plaintiff's "employer" as that term is defined by the Fair Labor Standards Act.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiff cannot establish that any act or omission on the part of Defendant GSEC was willful under the Fair Labor Standards Act.

## SIXTH DEFENSE

Plaintiff's FLSA claims are barred because at all relevant times she was an exempt creative/artistic professional.

## SEVENTH DEFENSE

Plaintiff's claim for alleged fraudulent filing of tax information returns is barred because she lacks standing to assert such a claim.

## EIGHTH DEFENSE

Plaintiff's FLSA claims are barred on the ground that at all relevant times she is/was an exempt creative professional as defined by 29 U.S.C. §213(a)(1).

## **NINTH DEFENSE**

Responding to the specifically-numbered paragraphs of the Amended Complaint, Defendant GSEC shows as follows:

## **THE PARTIES**

1. GSEC lacks information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first and second sentences of Paragraph 1 of the Amended Complaint, which has the effect of a denial.  GSEC admits only that it never paid Plaintiff wages of any kind, because Plaintiff never worked for or was employed by GSEC.  GSEC denies the remaining allegations in Paragraph 1 of the Amended Complaint.

2. GSEC admits only that Defendant GSE was formerly incorporated under the laws of the State of Georgia, and that Defendant GSE was previously served in this action.  GSEC denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3. GSEC admits only that it is a Georgia corporation, and that its registered office address is 2555 Chantilly Dr., NE, Atlanta, Georgia, and that Dennis Williams is its registered agent.  GSEC denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4. GSEC admits the allegations in Paragraph 4 of the Amended Complaint.

5. GSEC admits only that Defendant Teri Galardi is an individual, and that she is a corporate officer of GSEC, and that, from time to time, she can be served at 2555 Chantilly Dr. NE, Atlanta, Georgia.  GSEC lacks information or knowledge sufficient to form a belief as to the truthfulness of the remaining allegations in Paragraph 5 of the Amended Complaint, which has the effect of a denial.

## JURISDICTION AND VENUE

6. GSEC admits only that the Court has subject matter jurisdiction over this civil action.  GSEC further admits that Plaintiff does not appear to have asserted any cause of action which is subject to any collective bargaining agreement.  GSEC denies the remaining allegations in Paragraph 6 of the Amended Complaint.

7. GSEC admits only that it is subject to the personal jurisdiction of this Court, and that Defendant Pony Tail, Inc. is a Georgia corporation which is subject to the jurisdiction of this Court. GSEC lacks information or knowledge sufficient to form a belief as to the truthfulness of the remaining allegations in Paragraph 7 of the Amended Complaint, which has the effect of a denial.

8. GSEC admits only that venue is proper in this judicial district as to it. GSEC denies the remaining allegations in Paragraph 8 of the Amended Complaint.

- 5 -

## FACTUAL ALLEGATIONS

9. GSEC denies it operates or does business as Onyx. GSEC denies it provides alcoholic beverages and various types of entertainment to customers. GSEC lacks information or knowledge sufficient to form a belief as to the truthfulness of the remaining allegations in Paragraph 9 of the Amended Complaint, which has the effect of a denial.

10. GSEC denies the allegations in Paragraph 10 of the Amended Complaint.

11. GSEC denies the allegations in Paragraph 11 of the Amended Complaint, including all subparts.

12. GSEC admits only that it did not pay Plaintiff any wages because it never employed Plaintiff and, therefore, GSEC was not legally obligated to pay her any wages. GSEC denies the remaining allegations in Paragraph 12 of the Amended Complaint.

13. The first sentence of Paragraph 8 of the Amended Complaint contains a legal conclusion and makes no allegation against GSEC, with the result that no answer of GSEC is required. To the extent a response is required, it is denied. GSEC denies the remaining allegations in Paragraph 13 of the Amended Complaint.

## COUNT I

## (ALLEGED) MINIMUM WAGE VIOLATIONS
## PURSUANT TO 29 U.S.C. § 206

14. GSEC restates its responses to the allegations in Paragraphs 1-13 of the Amended Complaint as if fully set forth.

15. GSEC admits only that it did not pay Plaintiff any wages because it never employed Plaintiff and, therefore, was not legally obligated to pay her any wages.  GSEC lacks information or knowledge sufficient to form a belief as to the truthfulness of the remaining allegations in Paragraph 15 of the Amended Complaint.

16. GSEC denies the allegations in Paragraph 16 of the Amended Complaint.

17. GSEC denies the allegations in Paragraph 17 of the Amended Complaint.

18. GSEC admits only that it did not provide Plaintiff notice that it intended to utilize the FLSA's tip-credit provision because it never employed Plaintiff, and therefore, it was not legally obligated to notify Plaintiff about the FLSA's tip-credit provision.  GSEC denies the remaining allegations in Paragraph 18 of the Amended Complaint, including without limitation the allegation that it required Plaintiff to surrender large fees to it for every shift she worked.

19. GSEC lacks information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first sentence Paragraph 19 of the

Amended Complaint, which has the effect of a denial. GSEC denies the remaining allegations in Paragraph 19 of the Amended Complaint.

20. GSEC denies the allegations in Paragraph 20 of the Amended Complaint.

## COUNT II

### (ALLEGED) VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. § 207

21. GSEC restates its responses to the allegations in Paragraphs 1-20 of the Amended Complaint as if fully set forth.

22. GSEC denies the allegations in Paragraph 22 of the Amended Complaint.

23. GSEC denies the allegations in Paragraph 23 of the Amended Complaint.

24. GSEC admits only it that it did not pay Plaintiff any wages because it never employed Plaintiff and, therefore, it was not legally obligated to pay her any wages. GSEC denies the remaining allegations in Paragraph 24 of the Amended Complaint.

## COUNT III

### FRAUDULENT FILING OF TAX INFORMATION RETURNS PURSUANT TO 26 U.S.C. § 7434

25. GSEC restates its responses to the allegations in Paragraphs 1-24 of the Complaint as if fully set forth.

26. GSEC denies the allegations in Paragraph 26 of the Amended Complaint.

27. GSEC denies the allegations in Paragraph 27 of the Amended Complaint.

28. GSEC denies the allegations in Paragraph 28 of the Amended Complaint.

29. GSEC denies the allegations in Paragraph 29 of the Amended Complaint.

30. GSEC denies all other allegations in the Amended Complaint not specifically admitted herein.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant GSEC prays that it be dismissed with prejudice and that all costs be taxed on the Plaintiff.

Respectfully submitted this 3rd day of June, 2015.

**DEFENDANT DEMANDS A TRIAL BY JURY**

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279179
STEPHEN W. BROWN
Georgia Bar No. 290672
*Counsel for Defendant Galardi South Enterprises Consulting, Inc.*

Schulten Ward & Turner, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LASHAUN Y. CARTER, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No. |
| ) | 1:14-CV-02812-WBH |
| GALARDI SOUTH ENTERPRISES, ) | |
| INC. d/b/a Onyx, a corporation, et al. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the above and foregoing **ANSWER AND DEFENSES OF GALARDI SOUTH ENTERPRISES CONSULTING, INC. TO AMENDED COMPLAINT** upon opposing counsel of record by email and by United States mail, postage prepaid, properly sealed and addressed to:

Charles R. Bridgers
Kevin D. Fitzpatrick, Jr.
Matthew W. Herrington
DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

This 3rd day of June, 2015.

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279179

- 10 -

*Counsel for Defendant*
*Galardi South Enterprises, Inc.*

Schulten Ward & Turner, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)