# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LASHAUN Y. CARTER, an individual, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>GALARDI SOUTH ENTERPRISES, )<br>INC. d/b/a Onyx, a corporation, et al. )<br>)<br>    Defendant. )<br>                                        ) | Civil Action File No.<br>1:14-CV-02812-WBH |

## ANSWER AND DEFENSES OF PONY TAIL, INC.
## TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW PONY TAIL, INC. ("PONY TAIL"), and timely files its Answer and Defenses to Plaintiff's Amended Complaint [Doc. 16] in the above-styled civil action, and shows this Honorable Court as follows:

## FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim against this Defendant for which relief can be granted.

## SECOND DEFENSE

Defendant PONY TAIL is not and has never been Plaintiff's "employer" as that term is defined by the Fair Labor Standards Act.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff cannot establish that any act or omission on the part of Defendant PONY TAIL was willful under the Fair Labor Standards Act.

## FIFTH DEFENSE

Plaintiff's FLSA claims are barred because at all relevant times she was an exempt creative/artistic professional.

## SIXTH DEFENSE

Plaintiff's claim for alleged fraudulent filing of tax information returns is barred because she lacks standing to assert such a claim.

## SEVENTH DEFENSE

Plaintiff's FLSA claims are subject to a set-off in the amount of Pony Tail, Inc.'s service charges which Plaintiff was allowed to keep and which was taken into the Club's gross receipts.

## EIGHTH DEFENSE

Responding to the specifically-numbered paragraphs of the Amended Complaint, Defendant PONY TAIL shows as follows:

## THE PARTIES

1. PONY TAIL lacks information or knowledge sufficient to form a belief as to the truthfulness of the allegations in the first and second sentences of Paragraph 1 of the Amended Complaint, which has the effect of a denial. PONY TAIL denies the remaining allegations of Paragraph 1 of the Amended Complaint.

2. PONY TAIL admits only that Defendant GSE was formerly incorporated under the laws of the State of Georgia, and that Defendant GSE was previously served in this action. PONY TAIL denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3. PONY TAIL admits only that GSEC is a Georgia corporation, and that its registered office address is 2555 Chantilly Dr., NE, Atlanta, Georgia, and that Dennis Williams is its registered agent. PONY TAIL denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4. PONY TAIL admits the allegations in Paragraph 4 of the Amended Complaint.

5. PONY TAIL admits only that Defendant Teri Galardi is an individual, and that she is the CEO of PONY TAIL, and that, from time to time, she can be served at 2555 Chantilly Dr. NE, Atlanta, Georgia. PONY TAIL denies the remaining allegations in Paragraph 5 of the Amended Complaint.

## JURISDICTION AND VENUE

6. PONY TAIL admits only that the Court has subject matter jurisdiction over this civil action. PONY TAIL further admits that Plaintiff does not appear to have asserted any cause of action which is subject to any collective bargaining agreement. PONY TAIL denies the remaining allegations in Paragraph 6 of the Amended Complaint.

7. PONY TAIL admits only that it is subject to the personal jurisdiction of this Court, that it is a Georgia corporation which is subject to the jurisdiction of this Court, and that Defendant Teri Galardi is a resident of the State of Georgia. PONY TAIL denies the remaining allegations in Paragraph 7 of the Amended Complaint.

8. PONY TAIL admits only that venue is proper in this judicial district as to it. PONY TAIL denies the remaining allegations in Paragraph 8 of the Amended Complaint.

## FACTUAL ALLEGATIONS

9. PONY TAIL admits only that it operates Club Onyx, and that it serves alcoholic beverages and provides entertainment in the form of nude, exotic dancing to its customers. PONY TAIL denies the remaining allegations in Paragraph 9 of the Amended Complaint.

10. The first sentence of Paragraph 10 contains a legal conclusion to which no response is required. PONY TAIL admits only that it serves alcohol, food and tobacco products that have been shipped in interstate commerce, and that it regularly processes customers' credit cards. PONY TAIL further admits it has gross revenues which exceed $500,000 a year. PONY TAIL denies the last sentence of Paragraph 10 of the Amended Complaint. PONY TAIL lacks knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations in Paragraph 10 of the Amended Complaint.

11. PONY TAIL admits that is has classified its entertainers, including Plaintiff, as independent contractors for at least the past three years. PONY TAIL admits that it expected its entertainers to pay a daily house fee to the Club and to tip certain other employees who provided services to entertainers. PONY TAIL admits it requires entertainers to breathylize at the end of each shift before they drive home, and further admits that it did not permit outside food to be brought inside the Club. PONY TAIL denies the remaining allegations in Paragraph11 of the Amended Complaint.

12. PONY TAIL denies the allegations in Paragraph 12 of the Amended Complaint.

13. The first sentence of Paragraph 13 of the Amended Complaint contains a legal conclusion and makes no allegation against PONY TAIL, with the result that no answer of PONY TAIL is required. To the extent a response is required, it is denied. PONY TAIL denies the remaining allegations in Paragraph 13 of the Amended Complaint.

## COUNT I

## (ALLEGED) MINIMUM WAGE VIOLATIONS PURSUANT TO 29 U.S.C. § 206

14. PONY TAIL restates its responses to the allegations in Paragraphs 1-13 of the Amended Complaint as if fully set forth.

15. PONY TAIL denies the allegations in Paragraph 15 of the Amended Complaint.

16. PONY TAIL denies the allegations in Paragraph 16 of the Amended Complaint.

17. PONY TAIL denies the allegations in Paragraph 17 of the Amended Complaint.

18. PONY TAIL denies the allegations in Paragraph 18 of the Amended Complaint.

19. PONY TAIL denies the allegations in Paragraph 19 of the Amended Complaint.

20. PONY TAIL denies the allegations in Paragraph 18 of the Amended Complaint.

## COUNT II

### (ALLEGED) VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. § 207

21. PONY TAIL restates its responses to the allegations in Paragraphs 1-20 of the Amended Complaint as if fully set forth.

22. PONY TAIL denies the allegations in Paragraph 22 of the Amended Complaint.

23. PONY TAIL denies the allegations in Paragraph 23 of the Amended Complaint.

24. PONY TAIL denies the allegations in Paragraph 24 of the Amended Complaint.

## COUNT III

### FRAUDULENT FILING OF TAX INFORMATION RETURNS PURSUANT TO 26 U.S.C. § 7434

25. PONY TAIL restates its responses to the allegations in Paragraphs 1-24 of the Complaint as if fully set forth.

26. PONY TAIL admits the allegations in Paragraph 26 of the Amended Complaint.

27. PONY TAIL denies the allegations in Paragraph 27 of the Amended Complaint.

28. PONY TAIL denies the allegations in Paragraph 28 of the Amended Complaint.

29. PONY TAIL denies the allegations in Paragraph 29 of the Amended Complaint.

30. PONY TAIL denies all other allegations in the Amended Complaint not specifically admitted herein.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant PONY TAIL prays that it be dismissed with prejudice and that all costs be taxed on the Plaintiff.

## COUNTERCLAIMS

Defendant/Counter-Plaintiff, PONY TAIL, INC. d/b/a Club Onyx, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 15, asserts the following compulsory counterclaim against Plaintiff/Counter-Defendant, LASHAUN Y. CARTER, and states as follows:

### General Allegations

1. Defendant/Counter-Plaintiff, PONY TAIL, INC., is a Georgia corporation with its principle place of business in Atlanta, Fulton County, Georgia and is authorized to do business in Georgia.

2. The Plaintiff/Counter-Defendant, LaShaun Y. Carter consented to personal jurisdiction in this forum by filing the Complaint. Additionally, upon information and belief, Plaintiff)/Counter-Defendant is a Georgia resident.

3. This Court has supplemental jurisdiction over the subject matter of this Counterclaim pursuant to 28 U.S.C. §1367.

4. Venue is proper in the United States District Court for the Northern District of Georgia because, *inter alia*, Counter-Defendant resides in the Northern District of Georgia, a substantial part of the events or omissions giving rise to the Counterclaim occurred the Northern District of Georgia, and because Counter-Plaintiff have submitted to venue in the Northern District of Georgia by filing the Complaint in the Northern District of Georgia.

5. Counter-Defendant is an entertainer who formerly worked for PONY TAIL as an independent contractor in a Gentlemens' club known as Club Onyx.

6. Pursuant to PONY TAIL's policy, it was the responsibility of each of its entertainers, including Counter-Defendant, to accurately reflect the hours during which she was present in the club by signing in and signing out on forms provided by PONY TAIL.

7. To the extent Counter-Defendant worked as often as she claims to have worked, or worked for as many hours as she claims to have worked, then she

often failed to properly fill out the sign in/sign out sheet, and a result, have made it impossible to determine precisely her arrival times and/or departure times from Club Onyx.

8. Prior to performing for PONY TAIL at Club Onyx, the Counter-Defendant signed a written Agreement in which she affirmatively represented to PONY TAIL that she was: (a) an independent contractor; (b) an artist skilled in the discipline of dance; (c) agreed to perform entertainer services on the Club's premises as an independent contractor; (d) agreed to provide at her own expense all costumes, beauty aids and all other items necessary to perform her independent contractor services; (e) agreed to report all compensation from her performances, including without limitation, tips and gratuities, on her individual income tax return; (f) agreed to set her own schedule of performances; and (g) agreed she was not an employee of PONY TAIL.

9. PONY TAIL paid Counter-Defendant a substantial sum of money in the form of service charges (e.g. table-side and VIP-area dance fees) based on the understanding and agreement that Counter-Defendant was an independent contractor. Specifically, PONY TAIL permitted Counter-Defendant to retain (or to receive) certain service charges which it charged to its customers in connection with the entertainment services that Counter-Defendant provided to PONY TAIL's customers, less certain deductions.

10. During the three years prior to filing the Complaint in this litigation, PONY TAIL's minimum service charges were, among others:

   a. $10 per table-side dance on the floor of the club;

   b. $150 per 30 minutes of dancing in a VIP area of club;

   c. $300 per 60 minutes of dancing in VIP area of club;

   d. Any amounts paid in excess of these minimums are considered tips paid to the entertainers by the customers.

11. The Counter-Defendant has repudiated her promises, agreements, representations and understanding concerning her relation to PONY TAIL and the compensation arrangement reached between them.

12. Counter-Defendant may not properly demand hourly compensation from PONY TAIL and, in addition, retain the service charges imposed by PONY TAIL on its customers which Counter-Defendant accepted and kept in lieu of hourly compensation from PONY TAIL.

13. If Counter-Defendant prevails on the claims set forth in her Complaint, PONY TAIL is entitled to recover from Counter-Defendant the difference between the total amount of service charges which the Counter-Defendant retained or accepted and the minimum wage times the number of hours that the Counter-Defendant performed at Onyx.

14. Permitting the Counter-Defendant to retain service charges belonging to PONY TAIL while she asserts her entitlement to additional wages in contravention of her agreement with PONY TAIL would unjustly enrich Counter-Defendant and reward her breaches of contract.

**Count I (Money Had and Received)**

15. PONY TAIL re-alleges paragraphs 1-15 above as though fully set forth herein.

16. This is a claim for money had and received.

17. If Counter-Defendant is successful with any of the claims set forth in her Complaint against PONY TAIL, PONY TAIL will have paid money to Counter-Defendant (or Counter-Defendant will have collected and retained service fees paid by PONY TAIL's customers) based on fraud, misrepresentation, mistake, or as a result of some other grounds appropriate for intervention by a court of equity. Specifically, Counter-Defendant received compensation and benefits from PONY TAIL that should not have been paid if Counter-Defendant is able to avoid the Independent Contractor Agreement.

18. To permit Counter-Defendant to keep PONY TAIL's money received pursuant to the independent contractor arrangement, while Counter-Defendant disavows the independent contractor relationship, and seeks payment

pursuant to an employer-employee relationship, would unjustly deprive PONY TAIL of its ownership of the service charge money.

WHEREFORE, Counter-Plaintiff, PONY TAIL, INC., demands judgment against Counter-Defendant, LASHAUN Y. CARTER for restitution and/or disgorgement, compensatory damages, pre-judgment interest, costs, and all other relief which the Court deems just and equitable.

### Count II (Unjust Enrichment)

20. PONY TAIL re-alleges paragraphs 1-19 above as though fully set forth herein.

21. This is claim for unjust enrichment.

22. PONY TAIL conferred a benefit on Counter-Defendant(s), namely allowing Counter-Defendant to retain service charges from PONY TAIL's customers.

29. Counter-Defendant had knowledge of the benefit conferred by PONY TAIL.

30. Counter-Defendant accepted and obtained the value of the benefit conferred by PONY TAIL (service charges from PONY TAIL's customers).

31. If Counter-Defendant prevails on any of the claims set forth in the Complaint, and the independent contractor relationship between the parties is not enforced, PONY TAIL will have no adequate remedy at law and the circumstances

are such that it would be inequitable to allow Counter-Defendant to retain the value of the benefit conferred by PONY TAIL without paying for it.

WHEREFORE, Counter-Plaintiff, PONY TAIL, INC., demands judgment against Counter-Defendant, LASHAUN Y. CARTER, for restitution and/or disgorgement, compensatory damages, pre-judgment interest, costs, and all other relief which the Court deems just and equitable.

### Count III (Breach of Contract)

32. PONY TAIL re-alleges paragraphs 1-31 above as though fully set forth herein.

33. This is a claim for breach of contract.

34. On or about August 2, 2011, the Counter-Defendant entered into an independent contractor agreement with PONY TAIL.

35. The Independent Contractor Agreement is enforceable.

36. Counter-Defendant agreed that the sole compensation for her services would be that which she received for her performances to PONY TAIL's customers.

37. Counter-Defendant acknowledged that she would be responsible for reporting all amounts earned on her own individual tax returns, and that she was being treated as an independent contractor for income tax purposes.

38. Counter-Defendant has materially breached her Independent Contractor Agreements with PONY TAIL.

39. As a proximate cause of Counter-Defendant's breach(es) of the Independent Contractor Agreement, PONY TAIL has suffered damages, namely, allowing Counter-Defendant to keep service charges collected from PONY TAIL's customers.

40. PONY TAIL is entitled to recover damages from the Counter-Defendant in an amount to be determined at trial, including without limitation, the service charges which Counter-Defendant kept and did not remit to PONY TAIL.

WHEREFORE, Counter-Plaintiff, PONY TAIL demands judgment against Counter-Defendant, LASHAUN CARTER, for compensatory damages, reasonable attorney's fees, pre-judgment interest, costs, and all other relief which the Court deems just and equitable.

**DEFENDANT DEMANDS A TRIAL BY JURY**

This 3rd day of June, 2015.

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279179
STEPHEN W. BROWN
Georgia Bar No. 290672
*Counsel for Defendant Pony Tail, Inc.*

Schulten Ward & Turner, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)/ 404-688-6840 (Fax)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **LASHAUN Y. CARTER, an individual,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **GALARDI SOUTH ENTERPRISES,** ) <br> **INC. d/b/a Onyx, a corporation, et al.** ) <br> ) <br> **Defendant.** ) <br> ) | Civil Action File No. <br> 1:14-CV-02812-WBH |

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the above and foregoing **ANSWER AND DEFENSES OF PONY TAIL, INC. TO AMENDED COMPLAINT** upon opposing counsel of record by email and by United States mail, postage prepaid, properly sealed and addressed to:

> Charles R. Bridgers
> Kevin D. Fitzpatrick, Jr.
> Matthew W. Herrington
> DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC
> 3100 Centennial Tower
> 101 Marietta Street
> Atlanta, GA 30303

This 3rd day of June, 2015.

> /s/ Dean R. Fuchs
> Dean R. Fuchs
> Georgia Bar No. 279179
> *Counsel for Defendant*
> *Pony Tail, Inc.*

Schulten Ward & Turner, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)