IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LASHAUN Y. CARTER**, an individual,<br><br>**Plaintiff,**<br><br>vs.<br><br>**GALARDI SOUTH ENTERPRISES, INC. d/b/a Onyx et al.,**<br><br>**Defendants.** | Civil Action No. 1:14-CV-02812-WBH |

**PLAINTIFF'S ANSWER TO COUNTERCLAIMS OF DEFENDANT PONY TAIL, INC.**

Plaintiff Lashaun Y. Carter submits her Answer to Defendant Pony Tail, Inc.'s Counterclaims as set forth in its Answer to Plaintiff's Amended Complaint [Dkt. 38] and shows the Court as follows:

**RESPONSES TO NUMBERED PARAGRAPHS**.

1.

Plaintiff admits the allegations contained in Paragraph 1 of the Counterclaims.

2.

Plaintiff admits the allegations contained in Paragraph 2 of the Counterclaims.

3.

Plaintiff admits the allegations contained in Paragraph 3 of the Counterclaims.

4.

Plaintiff admits the allegations contained in Paragraph 4 of the Counterclaims.

5.

Plaintiff admits the allegations contained in Paragraph 5 of the Counterclaims to the extent she previously worked as an entertainer at Pony Tail in a Gentlemen's club known as Club Onyx and was classified as an independent contractor. Plaintiff denies that the independent contractor designation was legally accurate. Plaintiff denies all further allegations in Paragraph 5.

6.

Plaintiff denies the allegations contained in Paragraph 6 of the Counterclaims.

7.

Plaintiff denies the allegations contained in Paragraph 7 of the Counterclaims.

8.

Plaintiff denies the allegations contained in Paragraph 8 of the Counterclaims.

9.

Plaintiff denies the allegations contained in Paragraph 9 of the Counterclaims.

10.

Plaintiff denies the allegations contained in Paragraph 10 of the Counterclaims.

11.

Plaintiff denies the allegations contained in Paragraph 11 of the Counterclaims.

12.

Plaintiff denies the allegations contained in Paragraph 12 of the Counterclaims.

13.

Plaintiff denies the allegations contained in Paragraph 13 of the Counterclaims.

14.

Plaintiff denies the allegations contained in Paragraph 14 of the Counterclaims.

COUNT 1: MONEY HAD AND RECEIVED

15.

Paragraph 15 of the Counterclaims is a statement of incorporation and requires neither admission nor denial.

16.

Plaintiff admits that this Counterclaim is for money had and received but denies that Defendant is entitled to any relief whatsoever.

17.

Plaintiff denies the allegations contained in Paragraph 17 of the Counterclaims.

18.

Plaintiff denies the allegations contained in Paragraph 18 of the Counterclaims.

Plaintiff denies any relief is warranted under Count 1.

## COUNT 2: UNJUST ENRICHMENT

20. (Paragraph 19 omitted in Complaint)

Paragraph 20 of the Counterclaims is a statement of incorporation and requires neither admission nor denial.

21.

Plaintiff admits that this Counterclaim is for unjust enrichment but denies that Defendant is entitled to any relief whatsoever

22.

Plaintiff denies the allegations contained in Paragraph 22 of the Counterclaims.

29.(Paragraphs 23-28 omitted in Complaint)

Plaintiff denies the allegations contained in Paragraph 29 of the Counterclaims.

30.

Plaintiff denies the allegations contained in Paragraph 30 of the Counterclaims.

31.

Plaintiff denies the allegations contained in Paragraph 31 of the Counterclaims.

Plaintiff denies any relief is warranted under Count 2.

## COUNT 3: BREACH OF CONTRACT

32.

Plaintiff denies the allegations contained in Paragraph 32 of the Counterclaims.

33.

Plaintiff denies the allegations contained in Paragraph 33 of the Counterclaims.

34.

Plaintiff denies the allegations contained in Paragraph 34 of the Counterclaims.

35.

Plaintiff denies the allegations contained in Paragraph 35 of the Counterclaims.

36.

Plaintiff denies the allegations contained in Paragraph 36 of the Counterclaims.

37.

Plaintiff denies the allegations contained in Paragraph 37 of the Counterclaims.

38.

Plaintiff denies the allegations contained in Paragraph 38 of the Counterclaims.

39.

Plaintiff denies the allegations contained in Paragraph 39 of the Counterclaims.

40.

Plaintiff denies the allegations contained in Paragraph 40 of the Counterclaim.

Plaintiff denies that any relief is warranted under Count 3.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Counterclaims fail to state a claim upon which the relief requested can be granted.

### SECOND DEFENSE

The Counterclaims are barred by the doctrines of estoppel, waiver, and unclean hands and/or because of Defendants' conduct or actions.

### THIRD DEFENSE

The Counterclaims are barred insofar as they arise from oral or written contracts of adhesion drafted or created by Defendant with the central purpose of violation federal and Georgia state law. Additionally, Defendant's alleged contract is unenforceable because they would constitute a waiver of the rights afforded Plaintiff under the Fair Labor Standards Act.

### FOURTH DEFENSE

The Counterclaims are barred insofar as they arise from oral or written contracts that are procedurally and/or substantively unconscionable.

## FIFTH DEFENSE

The Counterclaims are barred insofar as they constitute unlawful retaliation for conduct protected by the Fair Labor Standards Act.

## SIXTH DEFENSE

The Counterclaims are barred because payments from customers to Plaintiff were gratuities, not service charges.

Plaintiff reserves the right to assert additional defenses that future investigation and discovery may reveal to be applicable.

WHEREFORE, having fully answered Defendants' Counterclaims and having pled her defenses, Plaintiff respectfully asks the Court;

(a) To dismiss the Counterclaims in their entirety;

(b) To enter final judgment in favor of Plaintiff and against Defendants;

(c) To award Plaintiff her attorneys' fees and the costs of litigation as may be appropriate under applicable law; and

(d) To award Plaintiff such other relief as the Court deems just and equitable.

This 18th day of June 2015.

                                              Respectfully submitted,

                                              **DELONG CALDWELL BRIDGERS**
                                                **& FITZPATRICK, LLC**

|  |  |
|---|---|
|  | */s/Matthew W. Herrington* |
| 3100 Centennial Tower | Charles R. Bridgers |
| 101 Marietta Street | Ga. Bar No. 080791 |
| Atlanta, Georgia 30303 | Kevin D. Fitzpatrick, Jr. |
| (404) 979-3150 | Ga. Bar No. 262375 |
| (404) 979-3170 (f) | Matthew W. Herrington |
| charlesbridgers@dcbflegal.com | Ga. Bar No. 275411 |
| kevin.fitzpatrick@dcbflegal.com |  |
| matthew.herrington@dcbflegal.com | Counsel for Plaintiffs |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LASHAUN Y. CARTER**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**GALARDI SOUTH ENTERPRISES, INC.** d/b/a Onyx et al.,<br><br>**Defendants.** | Civil Action No. 1:14-CV-02812-WBH |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the foregoing document in the Court's CM/ECF system, thereby ensuring service upon all counsel of record.

Dated: June 18, 2015.

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411
